370 So.2d 1173 (1979)
Joseph BELMONT, Appellant,
v.
STATE of Florida, Appellee.
No. 77-688.
District Court of Appeal of Florida, Fourth District.
February 14, 1979.
Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary E. Marsden, Asst. Atty. Gen., West Palm Beach, for appellee.
*1174 PER CURIAM.

ON MOTION FOR CLARIFICATION
At the request of the appellant we relinquished jurisdiction of this cause to the trial court for a period of thirty days so that a written order could be entered setting forth the sentence imposed by the court and the terms and conditions of probation. Some question has arisen and appellee has requested a clarification of the reason for our relinquishment of jurisdiction. It seems to be appellee's contention that the probation order need not be in writing and there was no reason to relinquish jurisdiction.
A judgment and sentence, or order of probation, should be reduced to writing. The appellate courts generally only review judgments and orders which have been rendered, and rendition is effected by "the filing of a signed, written order with the clerk of the lower tribunal," Fla.R. App.P. 9.020(g). Florida Rule of Criminal Procedure, 3.700 does not obviate the necessity of said judgments or orders being reduced to writing. That rule simply provides for additional clerical duties in the sentencing procedure.
Accordingly, the relinquishment of jurisdiction of this cause is extended for an additional 30 days and the trial court is requested to reduce the sentence imposed on appellant, including the terms and conditions of probation, if any, to writing so that such written order can be included in the record on appeal.
DOWNEY, C.J., and ANSTEAD and LETTS, JJ., concur.