433 So.2d 1311 (1983)
Alberto Teras BALDERRAMA, Appellant,
v.
STATE of Florida, Appellee.
No. 83-657.
District Court of Appeal of Florida, Second District.
July 1, 1983.
*1312 Clyde Taylor, Tallahassee, for appellant.
RYDER, Judge.
Alberto Teras Balderrama (Alberto) appeals from the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 after he was adjudged guilty and sentenced for the crimes of kidnapping, carrying a concealed weapon, and attempted robbery. Alberto argues he was denied due process of law because he lacked a competent and impartial interpreter at his change of plea hearing. We agree and reverse.
Appellant, a native Mexican, and his brother, Roberto Balderrama (Roberto), were initially represented as co-defendants by the public defender's office. Subsequently, Roberto chose to cooperate with the prosecution and made a statement implicating Alberto as the main offender. Roberto's representation was severed from that of Alberto's.
At the start of Alberto's change of plea hearing, the court inquired whether appellant sufficiently understood English so as to be able to answer during his plea interrogation. Alberto's attorney answered that he believed that Alberto did so. Alberto then stated to the court that he wanted to plead guilty to the charges. Immediately thereafter, however, he became confused by the court's inquiries and claimed he did not understand. The following colloquy then took place:
THE COURT: Did anyone promise you, tell you how long you would get in prison if you pled guilty to these charges?
THE DEFENDANT: I don't understand. If I plead guilty?
THE COURT: How long you actually would be in prison? Did anyone tell you that, how long it would be, to make you plead guilty?
THE DEFENDANT: To make me plead guilty?
THE COURT: Did anyone promise you would receive a minimum sentence or less than a life sentence?
THE DEFENDANT: Yes.
MR. BORJA: We have obviously explained to him what the maximum penalties are, Judge, but 
THE COURT: Do you know how much time you are going to get from this Court by pleading guilty? Has anyone told you what sentence the Court would give out?
THE DEFENDANT: I don't believe I understand.
THE COURT: Do you have anyone that speaks Spanish?
MR. BORJA: His brother is in the holding cell.
THE COURT: Let's bring his brother in and have him interpret for us.
(Thereupon, Roberto Balderrama was presented to the Court as brother of the *1313 defendant, and the following proceedings were had):
THE COURT: Mr. Balderrama, I have asked your brother the question if anyone has made any promises to him as to the amount of time he would receive from the Court in return for giving his plea, and he doesn't understand that. Could you interpret that for him?
At that point, Roberto began to speak to Alberto in Spanish after which Alberto addressed his answer to the court in English. This procedure continued throughout the hearing. At the end of the interrogation, the court requested that Roberto state his own name for the record and then asked:
THE COURT: Roberto Balderrama, and I believe you have the same charges placed against you, and you previously entered guilty pleas to those charges, is that correct, and your brother understands all of the questions as translated through you? (Emphasis added)
ROBERTO BALDERRAMA: Yes.
The court concluded that Alberto entered his plea freely and voluntarily, that he was satisfied with his counsel, and that there was a sufficient basis for all three counts.
In his motion for post-conviction relief, Alberto states that he is a Mexican national who cannot read or write English and speaks very little of the language. He alleges that both the nature of the proceedings and his plea arrangement were misrepresented to him. He contends that Roberto advised him that he would receive no more than five years and that he was pleading to one count. In actuality, as a result of his plea, he was adjudged guilty of all charges and received twenty years for kidnapping; five years for carrying a concealed weapon; and fifteen years for robbery, the latter sentences to run concurrently with the first.
During a change of plea hearing, no guilty plea is to be accepted until the court has determined that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the guilty plea. Fla.R.Crim.P. 3.170(j). The purpose of the requirement that a defendant understand the nature of the charge and the consequences of his plea is to ensure that he knows what particular act he has committed, what law he has violated, and what maximum penalty may be imposed for the offense with which he is charged. Williams v. State, 316 So.2d 267 (Fla. 1975).
If a trial judge determines that a witness cannot hear or understand the English language, or cannot express himself in English sufficiently to be understood, an interpreter who is duly qualified to interpret for the witness shall be sworn to do so. § 90.606(3), Fla. Stat. (1981). If a defendant does not understand the full significance of his change of plea because of a language difficulty, then his plea has not been freely and voluntarily made. See Kadar v. State, 370 So.2d 1231 (Fla. 4th DCA 1979).
In the instant case, the record reflects that Roberto was not sworn prior to his acting as interpreter for Alberto. The court did not inquire into Roberto's competency nor question his bias, despite the obvious conflict of interest with his brother. Moreover, there were no means available to verify that Roberto's questioning in Spanish was a true translation of the court's interrogation. We can only conclude, therefore, that Alberto was prejudiced by the use of his brother as interpreter at the hearing.
In light of the above, we need not reach Alberto's second allegation of ineffective assistance of counsel.
Accordingly, the judgments and sentences are reversed, and the cause remanded with the direction that the trial court grant Alberto an opportunity to withdraw his guilty plea and to proceed further as the case requires. The court is further directed to provide Alberto the assistance of a duly qualified interpreter in any other proceeding in this cause.
REVERSED and REMANDED with directions.
HOBSON, A.C.J. and LEHAN, J., concur.