468 So.2d 991 (1984)
Luis PRADO-GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2410.
District Court of Appeal of Florida, Fourth District.
November 28, 1984.
On Rehearing March 6, 1985.
Luis Prado-Gonzalez, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This appeal reaches us from a trial court's evidentiary hearing, denying appellant's motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Such appeal would be jurisdictionally correct were the order denying relief reduced to writing. However, such is not the case; therefore we dismiss the appeal. There is only a notation by the trial court clerk's office on the transmittal letter accompanying the notice of appeal and other paperwork, attesting to the fact that defense counsel had been notified that there was no written order.
Our jurisdiction is based on Florida Rule of Appellate Procedure 9.140(b)(1)(C), which permits appeals by a criminal defendant on "[o]rders entered after final judgment or finding of guilt." There is no express provision therein that the order be in writing; and the definition of "order" found in Rule of Appellate Procedure 9.020(e) provides no enlightenment either, although the committee notes to rule 9.020 say that the intent of the rule is to "encourage" the entry of written orders in every case.
Black's Law Dictionary, Fifth Edition, defines "order" as a "[d]irection of a court or judge made or entered in writing, and not included in a judgment." There is a great deal of additional support for requiring reduction of the order to writing. Florida Rule of Criminal Procedure 3.850, the procedure upon which this appeal is based, says in its next-to-last paragraph that orders denying relief "shall include a statement that the movant has the right to appeal." The paragraph also speaks of serving the order on the prisoner, both of which imply a written order. Moreover, in Belmont v. State, 370 So.2d 1173 (Fla. 4th DCA 1979), wherein we relinquished jurisdiction to the lower tribunal for the entry of a written order of sentence, we said that a judgment and sentence, which included an order of probation in that case, "should be reduced to writing." Id. at 1174. Further, we said that "[t]he appellate courts generally only review judgments and orders which have been rendered." Id. The definition of rendition, of course, contains the words "written order." Florida Rule of Appellate Procedure 9.020(g). In Belmont, we said that we will "generally only review" written orders, and not that writing is an absolute necessity. Today, we hold that the order must be in writing. A notice of appeal filed prior to a written order is premature. Florida Rule of Appellate Procedure 9.140(b)(2) provides that commencement of an appeal by a defendant shall be by filing his notice with the trial court clerk at any time between "rendition of a final judgment" and 30 days following a written sentence. Rendition, as already noted, is defined as the filing of a "signed, written order."
Although we dismiss the appeal, we proceed with our discussion to inform the trial court of our thoughts. Involuntary entry of a guilty plea is properly cognizable on a Rule 3.850 motion for relief, see Florida Rule of Criminal Procedure 3.850; and this issue should be given serious consideration by the trial court in the entry of any written order. Florida Rule of Criminal Procedure 3.170(j) provides:
(j) Responsibility of Court on Pleas.
No plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court, with means of recording the proceedings stenographically or by mechanical means, that the *992 circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea of guilty.
We have evidence in the form of a record that the proceedings were held in open court and were recorded. This rule also requires an intelligent and voluntary plea and a factual basis for it. Taking the last requirement first, the defense stipulated to a factual basis at the plea conference and even if they had not, prejudice has been neither alleged nor shown as a result of the lack of a factual basis in the record. See State v. Kendrick, 336 So.2d 353 (Fla. 1976), for the necessity of showing prejudice or injustice.
It is not clear to us, however, that appellant's plea was completely voluntary and made with full understanding of its consequences and alternatives. The Florida courts' concern with maintaining the integrity of the plea system was expressed in Williams v. State, 316 So.2d 267 (Fla. 1975), in which the Florida Supreme Court articulated the three essential requirements of the valid guilty plea. One element was the factual basis, which has already been disposed of. Another is voluntariness, which means a plea freely made without threats or coercion. Coercion does not exist merely because an accused is induced by fear of a higher sentence to make a plea, so long as there is no threat made to the accused. Id. There is no record of threat or other coercive tactic here, and appellant stated that he had not been coerced. Finally, an accused must comprehend the nature of the charge and consequences of his plea, and Williams expands on this element by denoting specific things of which he should be aware before a plea is accepted.
In response to the Williams court's concern, a rule was adopted in 1977 setting out specific items of which the trial judge must be certain an accused is aware prior to accepting a guilty plea.[1] Although substantial compliance is generally deemed sufficient, and the trial judge has broad discretion in choosing the procedure used to make the above determinations, see Adler v. State, 382 So.2d 1298, 1305 (Fla. 3d DCA 1980), the guidelines were plainly not approached in this case. The trial judge asked appellant two questions addressed to satisfaction with his attorney and whether he understood how much jail time he would receive, and on the basis of these two questions determined that the plea was understood. He was not told on the record of his other rights, including the *993 right to plead not guilty and to go to trial by jury with all the rights that encompasses, and the right to appeal.
Although the state argues that appellant waived his rights, the record reflects that appellant spoke no English; and his appearance was through an interpreter who was merely pulled in from the public at large and whom appellant claimed he did not understand. The question of use of an interpreter was addressed in Balderrama v. State, 433 So.2d 1311 (Fla. 2d DCA 1983), in which a native Mexican claimed that he could not understand what the court was saying to him. The appellant's brother was called in to interpret for him, and the appellant pled guilty, but later said that the arrangement was misrepresented by his brother. The state tries to distinguish Balderrama because of the possible conflict of interest represented by allowing his brother, who was charged with the same crimes, to serve as translator. Be this as it may, Balderrama clearly indicated the importance of finding a qualified interpreter for an accused who cannot understand English. Just as clearly, the court stated that a plea is not freely and voluntarily made if the defendant does not understand its impact because of a language difficulty. Id. at 1313; see also Kadar v. State, 370 So.2d 1231 (Fla. 4th DCA 1979).
Appellant may very well be, as the trial judge called him, a con man; but he might also be an ignorant person who was unaware of his rights and too frightened to say so. Our system of justice requires that a trial court be assiduous in protecting the rights of such people, especially when the rights are as important as those waived here.
HERSEY, GLICKSTEIN and BARKETT, JJ., concur.
UPON MOTION FOR REHEARING
PER CURIAM.
We vacate the opinion filed November 28, 1984, and relinquish jurisdiction to the trial court for thirty days for entry of a written order as to appellant. Williams v. State, 324 So.2d 74 (Fla. 1975).
HERSEY, GLICKSTEIN and BARKETT, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.172(c) states that:

(c) Except where a defendant is not present for a plea, pursuant to the provisions of Rule 3.180(c), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he understands the following:
(i) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
(ii) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and
(iii) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to compel attendance of witnesses on his behalf, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(iv) That if he pleads guilty, or nolo contendere without express reservation of right to appeal, he gives up his right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but he does not impair his right to review by appropriate collateral attack.
(v) That if he pleads guilty or is adjudged guilty after a plea of nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and
(vi) That if he pleads guilty or nolo contendere, the trial judge may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury; and
(vii) The complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result.