489 So.2d 43 (1986)
Elijah SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-969.
District Court of Appeal of Florida, Fourth District.
February 12, 1986.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Elijah Simmons appeals the denial of his motion for post-conviction relief.
In the trial court appellant alleged that he should be permitted to withdraw his 1978 plea of nolo contendere where he was not informed, before tender of his plea and its acceptance, that it would be considered by the court as a guilty plea and would carry with it a mandatory minimum sentence of three years without consideration for parole. In denying appellant's motion the trial court found, inter alia, that appellant "was not advised that upon entering the plea he would be subject to a three (3) year mandatory minimum during which he would not be eligible for consideration for parole." Nonetheless the trial court held that this oversight did not vitiate the plea or subject it to attack as not having been freely and voluntarily entered. For reasons spelled out in detail in the order the trial court found incredible and unworthy of belief appellant's contention that, had he known of the mandatory minimum, he would not have entered the plea. On that basis the trial court held the plea to have been freely and voluntarily entered, rejecting appellant's claim for relief.
*44 Before accepting a plea of nolo contendere, the trial court is required to advise a defendant of certain matters, among which is any mandatory minimum penalty provided by law for the offense charged. Fla.R.Crim.P. 3.172(c)(i); State v. Wilson, 395 So.2d 520 (Fla. 1981); Prado-Gonzalez v. State, 468 So.2d 991 (Fla. 4th DCA 1984), vacated on reh'g, 468 So.2d 991 (Fla. 4th DCA 1985). See also Fla.R.Crim.P. 3.170(j). It is not a sufficient predicate for post-conviction relief, however, merely to show a failure to comply with the rule; it is also necessary to show that the movant has been prejudiced. Fla.R.Crim.P. 3.172(i). We do not think it a sufficient showing of lack of prejudice that a defendant cannot prove in retrospect that, had he been properly advised, he would not have entered the plea. Such a burden, involving speculation after the fact by the defendant, the state, and the court, is heavier than rule 3.172 or the case law requires. The question is whether the defendant has been prejudiced in fact because the required information was not made available to him. Applying that test here the inquiry is whether the mandatory minimum penalty has placed appellant in a less advantageous position than he would be in if there were no mandatory minimum penalty applicable to his sentence.
Appellant argues that there are two adverse consequences which constitute the prejudice necessary to render his initial plea involuntary, only one of which warrants discussion. Appellant contends that he lost 240 days of basic gain time because of the mandatory minimum penalty. Had it not been imposed, he would have been eligible for parole on July 30, 1985, instead of March 30, 1986.
The state does not directly refute the merits of appellant's position, but rather contends that appellant may not bring this action because he is no longer incarcerated under the three-year mandatory minimum portion of the sentence and because he does not assert that the mandatory miminum is at present preventing his consideration for parole.
As to its first contention, the state misconstrues appellant's attack. Although lack of information about the mandatory minimum forms the basis for appellant's position, he is attacking not only the mandatory minimum portion of the sentence but the entire twenty-five-year sentence. Rule 3.850 provides that "[a] prisoner in custody under sentence of court established by the laws of Florida" may seek to have the judgment and sentence vacated where his plea was involuntary. It is undisputed that appellant is still serving the sentence. The cases cited by the state are inapposite because they involve situations where the defendants had been released from custody. See Henzel v. State, 390 So.2d 397 (Fla. 3d DCA 1980), rev. denied, 399 So.2d 1143 (Fla. 1981); Wingard v. State, 210 So.2d 472 (Fla. 2d DCA 1968).
The state's second contention is also without merit. It is undisputed that appellant was not advised of the mandatory minimum penalty at the time of his plea and that, but for that penalty, his presumptive parole release date would have been July 30, 1985. Thus, appellant has suffered prejudice, in that the three-year mandatory minimum is presently preventing his consideration for parole, and is entitled to an opportunity to withdraw the plea. This will obviously pose difficulties for the state in finding witnesses and otherwise proving its case, but the measure of the remedy here is fairness to the appellant whose rights were compromised at the plea hearing. True, it could be said that appellant should not be allowed to sit on his rights once he has knowledge of those rights, waiting in ambush for the state's case to expire by the passage of time, and then bursting forth belatedly demanding justice. That aspect of these situations has been remedied by a 1984 amendment to rule 3.850, Florida Rules of Criminal Procedure, which now establishes a two-year limitation for filing a motion for post-conviction relief where movant has knowledge of the basis for the motion. That amendment, however, does not apply here because of a grandfather clause in the rule.
*45 We reverse and remand with direction to the trial court that appellant be offered the opportunity to withdraw his plea of nolo contendere.
REVERSED and REMANDED with DIRECTION.
HERSEY, C.J., and DOWNEY and WALDEN, JJ., concur.