## STATE OF FLORIDA v HICKS

### Case Nos. 86-63822TT A02; 86-63824TT A02 and 86-63827TT A02

County Court, Palm Beach County

June 18, 1987

**APPEARANCES OF COUNSEL**

**State Attorney's Office** for plaintiff.

**Stephen W. Benedict, Sisco & West, P.A.,** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court on Defendant's Motion to Withdraw Plea and Set Aside Sentence. Defendant seeks to withdraw the plea he entered on June 2, 1986. That plea bargain contemplated a sentence which included a six month license suspension. After the Court accepted the plea and during its imposition of sentence, the Court advised Defendant as follows:

> I'm going to revoke your driver's license for a period of six months, and I'm not going to permit you to apply for a business purpose license. The fact is that the Department of Motor Vehicles will be suspending your license for five years. I'm not sure that they will revoke it for that long. They may do it. It's out of my hands. I have no control over what they do. I'm revoking your license for six months pursuant to this negotiated plea.

After this statement by the Court, Defendant's attorney indicated that he had not discussed with the Defendant the possibility of a five year license revocation. Neither Defendant nor his attorney requested that the plea conference be delayed or continued.

In August, 1986, Defendant received notice that his license had been suspended for five years, effective June 2, 1986.

A duly entered judgment of conviction and sentence are presumed valid. *State v. Caudle*, 504 So.2d 419 (Fla. 5th DCA 1987). The Defendant seeking to overturn such a conviction has the burden of demonstrating that the trial court failed to comply with a procedural or constitutional requirement and that the Defendant did not in fact intelligently and knowingly waive a concomitant constitutional right. *Allen v. State*, 463 So.2d 351, 361-364 (Fla. 1st DCA 1985). In addition, a defendant must demonstrate that he has been prejudiced by the claimed impropriety in the plea taking process. *Simmons v. State*, 489 So.2d 43 (Fla. 4th DCA 1986); *Williams v. State*, 316 So.2d 267, 274 (Fla. 1975) (indicating that a defendant seeking to set aside a plea and sentence has the burden of proving that a "manifest injustice" has occurred).

In the case at bar, Defendant contends that the trial court failed to adequately determine that Defendant understood that as a result of his plea the Division of Driver's License could suspend his license for five years, regardless of any sentence imposed by the Court. During a plea colloquy, a judge need not advise a Defendant of the collateral consequence of his driver's license suspension by action of the state licensing authority. *See, State v. Tucson City Court*, 640 P.2d 187 (Ariz. App. 1982); *Moore v. Hinton*, 513 F.2d 781 (5th Cir. 1975). The sentence actually imposed by the trial court was the one contemplated

**9**

by the plea bargain. Because Defendant has not demonstrated that a procedural error occurred at the plea conference, it is

ORDERED AND ADJUDGED that Defendant's Motion to Withdraw his Plea and Set Aside the Sentence is denied.

DONE AND ORDERED in West Palm Beach, Florida this 18th day of June, 1987.