SCHWARTZ, Chief Judge.
While on probation for armed robbery, Carroll was accused of committing another one. He was found guilty of violating probation and sentenced to life imprisonment on the original charge. He then agreed to plead guilty to the second, substantive offense in exchange for a concurrent life term. The plea colloquy as to that offense, with which we are now concerned, was conducted in full and complete accordance with the provisions of Florida Rule of Criminal Procedure 3.172.[1] When the defendant *1226 was asked, however, whether he admitted guilt, he denied committing the offense. At that point, with minimal consultation with counsel, and even less with Carroll, the trial court converted the proposed plea from guilty to one of nolo contendere,[2] accepted it as such and adjudicated and sentenced the defendant in accordance with the original agreement. On the asserted ground that the record does not demonstrate Carroll’s knowing concurrence in the nolo, as opposed to the guilty plea, he has taken this direct appeal from the judgment and sentence. See Robinson v. State, 373 So.2d 898, 902 (Fla.1979) (notwithstanding § 924.06(3), Fla. Stat. (1985), defendant may directly appeal from judgment on guilty or nolo plea on grounds challenging “the voluntary and intelligent character of the plea”). We affirm.
Because the free and voluntary nature of the plea and Carroll’s obvious knowledge and understanding of its consequences were plainly established by the colloquy the difference in the kind of plea actually involved did not in any way affect the defendant’s substantial rights. Indeed, if anything, the acceptance of a nolo plea may work in Carroll’s favor. Under these circumstances, the provision of Rule 3.172(i) that the “[f]ailure to follow any of the procedures in this Rule shall not render a plea void absent a showing of prejudice” compels affirmance. See State v. Caudle, 504 So.2d 419 (Fla. 5th DCA 1987); Simmons v. State, 489 So.2d 43 (Fla. 4th DCA *1227 1986); Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985).
Affirmed.

. The plea proceedings were as follows:
MR. BAILLIE [defense counsel]: Having discussed this with the prosecution, Mr. William — having discussed it with Mr. Carroll, it is his wish at this time as to Information 85-14262 to withdraw his previously entered plea of not guilty as to Count 1, a count of robbery with a firearm and to enter a plea of guilty to that charge with the understanding that this Court would adjudicate him guilty and sentence him—
******
MR. BAILLIE: With the understanding that this Court would adjudicate him guilty and sentence him to a term of life imprisonment as to that count.
That would be running concurrent with that sentence just handed down by the Court in the probation violation hearing and with the further understanding that the State would nolle pross Count 2.
THE COURT: Okay. Swear him.
(Thereupon, the defendant was duly sworn.)
THE COURT: Do you understand you are under oath?
MR. BAILLIE: Speak up.
THE DEFENDANT: Yes.
THE COURT: Do you understand what is happening here in court today?
THE DEFENDANT: Yes.
THE COURT: Do you have any physical or mental defects that would prevent you from understanding what is happening here in court today?
THE DEFENDANT: No.
THE COURT: Are you entering your plea of guilty freely and voluntarily and because you desire to do so and for no other reason?
THE DEFENDANT: No.
THE COURT: Okay. Why are you doing it?
THE DEFENDANT: Because I don’t— amount of time I am getting, I don’t think it is fair, and it is [the] only way I can get the least amount that I could.
THE COURT: You are doing it because you believe it is in your best interest to plead guilty?
*1226 THE DEFENDANT: Because it is in my favor, you know, the way that it is standing out now.
THE COURT: All right.
Anyone threaten you or force you to get you to enter that plea?
THE DEFENDANT: No.
THE COURT: Has your attorney explained to you as has been explained here in open court that he on your behalf, together with representatives of the law enforcement agencies have entered into negotiations with regard to your case and have recommended to the Court that you be placed for a period of life in the State Prison?
Is that clear to you?
THE DEFENDANT: Yes.
• THE COURT: Do you understand that by pleading guilty you are waiving your right to trial, your privilege against self-incrimination, your right to confront those who have accused you of a crime, your right to an appeal and if you are not a citizen of the United States that you could be subjected to your native land — to deportation to your native land by reason of your plea?
Is that clear to you?
THE DEFENDANT: Yes.
THE COURT: Are you satisfied with the services of your attorney and have you had plenty of time to talk to him?
THE DEFENDANT: Well, your Honor, anything that I say, it ain’t going to make no difference either way.
THE COURT: That is about true.
So, why don’t you just answer my questions?
Are you satisfied with the services of your attorney and have you had plenty of time to talk to him?
THE DEFENDANT: Yes.
THE COURT: Counsel satisfied he understands the nature of the charge and the consequences of the plea?
MR. BAILLIE: Yes, your Honor.
THE COURT: Waiving proffer, stipulating the Information states a prima facie case, waiving any PSI to which he might be entitled?
MR. BAILLIE: Defense will stipulate and waive.
MR. MERRILL [prosecutor]: Count 2 we will abandon, nolle pross, whichever.
THE COURT: Okay.
So, are you specifically admitting on June 9, 1985, robbing Maria Ocana of her purse containing more than $100, using a pistol within that robbery, contrary to the Florida law?
THE DEFENDANT: Your Honor, I didn’t rob anyone.
THE COURT: Want to make it a nolo?
MR. BAILLIE: Nolo.
THE COURT: Do you understand I am going to find you guilty on your nolo contendere plea. I will not be finding you not guilty.
You know that?
THE DEFENDANT: Yes.
THE COURT: Both sides stipulate to the testimony the Court just heard would be the same testimony the Court would hear on the nolo contendere plea?
MR. MERRILL: State stipulates.
MR. BAILLIE: Defense would stipulate.
THE COURT: In accordance with the negotiations, enter an adjudication of guilt, sentence you to a term of life in the State Prison to run concurrent with 80-20069.

. This was unnecessary since Rule 3.172(d) permits the acceptance of a nolo or a guilty plea if the defendant either admits guilt or, as Carroll did below, acknowledges the plea to be in his best interest, "while maintaining his innocence.”