664 So.2d 1077 (1995)
Leonardo RODRIGUEZ, Sr., and Leonardo Rodriguez, Jr., Appellants,
v.
The STATE of Florida, Appellee.
Nos. 95-769, 95-760.
District Court of Appeal of Florida, Third District.
December 6, 1995.
Rehearing Denied January 10, 1996.
Erol M. Vural, Summerland Key, for appellants.
Robert A. Butterworth, Attorney General, and Angelica D. Zayas and Fleur Lobree, Assistant Attorneys General, and Stephen Lloyd Drummond, Certified Legal Intern, for appellee.
Before COPE, GERSTEN and GODERICH, JJ.
PER CURIAM.
Leonardo Rodriguez, Sr., and Leonardo Rodriguez, Jr., appeal their convictions for aggravated battery and battery, respectively. We affirm.
Defendants first contend that the trial court erred in failing to have the interpreter sworn as required by Section 90.606, Florida Statutes (1993). We conclude that this claim is barred because this was not fundamental error and there was no contemporaneous objection. This matter could have readily been cured if timely called to the attention of the trial court. See generally Davis v. State, 661 So.2d 1193 (Fla. 1995).
Defendants' reliance on Balderrama v. State, 433 So.2d 1311 (Fla. 2d DCA 1983), and a case apparently following it, Mesidor v. State, 521 So.2d 333 (Fla. 4th DCA 1988), is misplaced. In Balderrama, the unsworn translator was the codefendant brother of the defendant. The translator/brother had a conflict of interest with the defendant and there were allegations that he did not accurately translate the plea colloquy. Although the facts are not stated in Mesidor, the opinion makes clear that there were allegations of bias on the part of the interpreter in that case as well. No such circumstances are present in the case now before us.
Defendants contend that the trial court unduly limited their impeachment of the victim. As we view the transcript, the court did, in fact, allow counsel to ask the victim about his prior deposition testimony after the contents of his prior statements had been disclosed to him. See § 90.614, Fla. Stat. *1078 (1993). We conclude that no evidentiary error has been shown.
We find no abuse of discretion in the denial of the motion for new trial. See Jent v. State, 408 So.2d 1024, 1031 (Fla. 1981), cert denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); State v. Thomas, 570 So.2d 1023, 1026 (Fla. 3d DCA 1990), cause dismissed, 577 So.2d 1330 (Fla. 1991); Fla. R.Crim.P. 3.600(a)(3).
Affirmed.