PER CURIAM.
Alma Jeanne Slizyk, pro se, appeals several orders entered by the lower court in her long-standing legal battle with her ex-husband over real property in Palm Beach County. We affirm the order of the lower court on all issues properly before this ■Court. We write solely to note that four of the issues raised in the initial brief are *1000 not properly before this Court, and those are therefore dismissed.
This Court is without jurisdiction to review Slizyk’s argument that the lower court improperly denied her motion to disqualify the trial judge. There is nothing in the record showing the trial judge issued a written ruling on the motion, nor are there any transcripts of any hearing which would indicate whether the motion was heard at all. Without a written order, this Court is without jurisdiction. See, e.g., Prado-Gonzalez v. State, 468 So.2d 991 (Fla. 4th DCA 1984); Owens v. State, 579 So.2d 311 (Fla. 1st DCA 1991) (“Without a signed written order the threshold requirement for an appeal cannot be met because without the written order there is nothing to appeal.”) (citing, among others, Prado-Gonzalez).
Slizyk also seeks review of an order denying her May 22, 2001 motion to set aside the final judgment. The trial court denied this motion on October 15, 2001 due to a lack of jurisdiction. No timely notice of appeal was filed, nor does it appear the motion was ever resubmitted to the trial court in any subsequent proceeding. Without an order disposing of this motion, this Court lacks jurisdiction. See Prado-Gonzalez, supra (noting jurisdiction of the court is not properly invoked when a written order is not rendered).
Slizyk assigns error to the lower court’s handling of a November 12, 2003 motion to set aside foreclosure sale and certificate of title. However, as Slizyk acknowledges, the lower court has not yet ruled on this motion. Again, without a written ruling from the lower tribunal, this Court is without jurisdiction. See Prado-Gonzalez, supra.
Finally, Slizyk seeks review of a default judgment entered on February 14, 2003, against her daughter, a co-defendant in this case. Slizyk, as the trustee of the interests held by her daughter, never filed a motion to set aside the default judgment. Slizyk instead filed the notice of appeal on March 21, 2003. This Court is without jurisdiction as to this order as no timely notice of appeal was filed to challenge this appealable order. See generally Reliable Reprographics Blueprint & Supply, Inc. v. Fla. Mango Office Park, Inc., 645 So.2d 1040, 1042 (Fla. 4th DCA 1994) (dismissing, in part, one appeal of a non-final order which was not timely noticed for appeal despite a subsequent order being properly noticed for appeal within the jurisdictional limitations period).

Affirmed in Part, Dismissed in Part.

GUNTHER, POLEN and HAZOURI, JJ., concur.