988 So.2d 87 (2008)
Jose T. OBANDO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3205.
District Court of Appeal of Florida, Fourth District.
July 16, 2008.
Rehearing Denied September 3, 2008.
Khurrum B. Wahid of Wahid, Vizcaino & Maher, LLP, Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for attempted murder and shooting into an occupied structure. He raises four issues. We write to address his argument that the failure to swear in the interpreter and insure the interpreter's qualifications warrants a reversal. We disagree and affirm.
Jury selection began the afternoon of May 9, 2006. The cover page of that volume of transcript notes that a "Spanish Interpreter" was present. The record does not contain the clerk's notes, and there is no other documentation of who the Spanish interpreter(s) were.
The start of trial on May 11th was held up because the interpreter was not present. When the court asked for the next witness to be called, it was advised that they were waiting for an interpreter. The bailiff advised the court that he had confirmed the need for an interpreter at 9:30. The transcript then reflects an unknown speaker indicating that a Spanish interpreter was needed for the trial at 9:30. At that point, a short recess was taken until the interpreter arrived.
The transcript reflects that the next witness was sworn through an interpreter. The State then explained to the witness:
Before we actually get into your testimony, a few things I want to just make clear. As you know, we have a translator here. When I ask you a question or when defense counsel asks you a question, *88 we need a direct answer to that question because we don't know what you are saying, and it's very difficult for the translator if you give a long narrative answer, okay?
No one ever objected to the interpreter or suggested that the interpreter lacked the requisite qualifications.
The use of interpreters during testimony is governed by section 90.606, Florida Statutes (2006), and the Florida Rules for Certification and Regulation of Court Interpreters.
(1)(a) When a judge determines that a witness cannot . . . understand the English language . . . an interpreter who is duly qualified to interpret for the witness shall be sworn to do so.
. . . .
(3) An interpreter shall take an oath that he or she will make a true interpretation of the questions asked and the answers given and that the interpreter will make a true translation into English of any writing which he or she is required by his or her duties to decipher or translate.
§ 90.606(1)(a), (3); see Fla. Std. Jury Instr. (Crim.) 2.9. In short, an interpreter must be qualified, sworn, and impartial. Gopar-Santana v. State, 862 So.2d 54, 55 (Fla. 2d DCA 2003) (citations omitted).
The defendant makes a two-point argument. The first point attacks the credentials of the interpreter(s). As the State correctly responds, the trial court bears the responsibility of providing only qualified interpreters during criminal proceedings. Those qualifications are guaranteed by administrative order. See Fla. Admin. Order No. 4.031-11/98 (Fla. 15th Cir. Nov. 17, 1998). That order establishes the minimum qualifications necessary for court interpreters.
The defendant's second point focuses on the apparent failure of the trial court to "swear in" the interpreter. Significantly, the defendant failed to object at trial to an error that could have easily been corrected. We therefore agree with the Third District Court of Appeal's decisions in Fernandez v. State, 786 So.2d 38 (Fla. 3d DCA 2001), and Rodriguez v. State, 664 So.2d 1077 (Fla. 3d DCA 1995). In those cases, the district court held that the failure to swear in the interpreter did not rise to the level of fundamental error.
Significantly, the defendant does not argue that the interpreter(s) was not skilled in Spanish and English or unable to properly translate. He simply raises the technical process of swearing in the interpreter, which the record suggests was not followed. Unlike other cases that have suggested some impropriety or bias in the interpreter or inaccuracy in the interpreter's translation, no such argument is made here. See, e.g., Balderrama v. State, 433 So.2d 1311 (Fla. 2d DCA 1983).
We find our previous decision in Mesidor v. State, 521 So.2d 333 (Fla. 4th DCA 1988), distinguishable. First, Mesidor involved an appeal from an order denying a defendant's motion for post-conviction relief, which appears to have been remanded for an evidentiary hearing and not to reverse a conviction. Second, the opinion indicates that the interpreter in Mesidor was allegedly biased, an allegation not made in this direct appeal. And third, Mesidor does not hold that a record's failure to establish that the interpreter was sworn or was qualified constitutes fundamental error.
For all of these reasons, we affirm.
Affirmed.
STEVENSON and GROSS, JJ., concur.