PER CURIAM.
 

 Appellant seeks review of the trial court’s order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We dismiss the appeal for the reasons that follow.
 

 Appellant raised eight claims in his motion.
 
 [1]
 
 The state agreed that three of the claims required an evidentiary hearing, but argued that the other claims were legally insufficient and/or refuted by the record. The trial court appointed counsel for Appellant and the matter proceeded to an evidentiary hearing on the three claims that the state agreed required an eviden-tiary hearing.
 
 [2]
 

 
 *1126
 
 After the hearing, the trial court entered an order denying the motion and informing Appellant of his right to appeal. The order specifically addressed only those claims presented at the evidentiary hearing, and as discussed below, there is no indication in the record that the trial court summarily denied the remaining claims.
 
 [3]
 
 There is also no indication in the record that Appellant abandoned the claims that were not presented at the evidentiary hearing, and to the contrary, his counsel specifically asked the trial court at the hearing to rule on all of the claims raised in the motion.
 

 It is well-settled that an order disposing of some, but not all of the claims in a motion for postconviction relief is not an appealable final order.
 
 See Edler v. State,
 
 673 So.2d 970, 971 (Fla. 1st DCA 1996) (citing
 
 McCoy v. State,
 
 487 So.2d 1095 (Fla. 1st DCA 1986), and
 
 White v. State,
 
 450 So.2d 556 (Fla. 2d DCA 1984)). In response to our order directing Appellant to show cause why this case should not be dismissed on this basis, Appellant conceded that the trial court’s order was not an appealable final order, but he also asked us to direct the trial court to allow him to correct any pleading deficiencies in his motion in accordance with Spera.
 
 [4]
 
 In reply, the state argued that Appellant should not be permitted to amend his post-conviction motion because he had an evi-dentiary hearing on his claims. The state also argued that the trial court’s order is an appealable final order because it “tacitly denied
 
 all
 
 claims for postconviction relief through its strong language that trial counsel did a commendable job, etc.” (emphasis in original).
 

 We decline to construe the trial court’s order in the manner suggested by the state. First, the order only discusses the claims presented at the evidentiary hearing. Second, the “strong language” in the order referred to by the state appears to relate only to the claims presented at the evidentiary hearing because it indicates that no evidence was presented
 
 “at hearing
 
 ... remotely supporting [Appellant’s] contention that he received ineffective assistance of counsel at trial” (emphasis added), and the only claims considered at the evidentiary hearing were the three that
 
 *1127
 
 the state agreed required an evidentiary hearing. Third, the order does not include any record excerpts or discussion of the legal insufficiency of the other claims as would be expected if the order were also intended to summarily deny the claims in the motion that were not presented at the evidentiary hearing.
 

 Accordingly, we construe the order on appeal to dispose of only the three claims presented at the evidentiary hearing, and because the trial court’s judicial labor on Appellant’s motion is not yet complete, we dismiss this appeal. In doing so, we express no view on the sufficiency or merits of the remaining claims or whether the trial court should allow Appellant to amend the claims that were not presented at the evidentiary hearing. Also, as in
 
 Edler,
 
 the dismissal of this appeal is without prejudice to an appeal of the final order disposing of all the claims raised in Appellant’s motion.
 

 DISMISSED.
 

 BENTON, C.J., WETHERELL and ROWE, JJ., Concur.
 

 [1]
 

 . Although the motion and the attached "Memorandum of Law in Support" (hereafter "the attachment”) incorporated by reference into the motion listed nine separate "grounds” and "issues,” there were actually only eight claims as a result of different numbering of the claims by Appellant in the motion and the attachment.
 
 See
 
 note 2.
 

 [2]
 

 . There was confusion at the outset of the hearing concerning the particular claims that were going to be presented. The confusion resulted from different numbering of the
 
 *1126
 
 claims in the motion (which listed "grounds” 1 through 4) and the attachment (which expanded on grounds 1 through 4, but listed them as "issues” 2 through 5 and also included four additional claims listed as "issues” 6 through 9). The claims ultimately presented at the evidentiary hearing and addressed in the order on appeal were ground 2 in the motion, which was issue 3 in the attachment (alleging counsel’s failure to conduct a reasonable investigation and impeach the state’s key witness); ground 3 in the motion, which was issue 4 in the attachment (alleging counsel’s failure to conduct an adequate investigation of the charge and possible defenses); and issue 7 in the attachment (alleging counsel’s failure to locate a key witness). The claims that were not presented at the evidentiary hearing and have not been ruled on by the trial court are ground 1 in the motion, which is issue 2 in the attachment (alleging that counsel failed to conduct a reasonable voir dire); ground 4 in the motion, which is issue 5 in the attachment (alleging a violation of Appellant’s right to be present at all stages of the proceeding); issue 6 in the attachment (alleging that counsel made an insufficient motion for judgment of acquittal); and issues
 
 8
 
 and 9 in the attachment (both asserting cumulative error).
 

 [3]
 

 . Although the trial court stated at one point during the hearing that it did not intend to even consider the claims in the motion that were not presented at tire evidentiary hearing, this ruling (to the extent that was what the statement was intended to be) was not reduced to writing and, thus, was not a proper order denying the remaining claims.
 
 See Prado-Gonzalez v. State,
 
 468 So.2d 991 (Fla. 4th DCA 1984) (order denying motion for post-conviction relief must be in writing).
 

 [4]
 

 .
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007).