IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TIMOTHY HANNER,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2410

Opinion filed July 24, 2017.

An appeal from the Circuit Court for Leon County.
Terry P. Lewis, Judge.

Timothy Hanner, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant filed a rule 3.850 motion for postconviction relief raising six claims—five claims of ineffective assistance of counsel and one claim of cumulative error. The postconviction court held an evidentiary hearing on all of the claims in the motion and thereafter issued an order ruling on only three of the

six claims.[1]  Appellant filed a motion for rehearing in which he argued, among other things, that the court was required to rule on all of the claims.  The court summarily denied the motion for rehearing.

On appeal, Appellant argues that the postconviction court erred by failing to address all of the claims in his motion.  See Fla. R. Crim. P. 3.850(f)(8)(C)  ("The order issued after the evidentiary hearing shall resolve all the claims in the motion . . . .").  However, as the State argues, we do not have jurisdiction to review the order because it is not an appealable final order.  See Lake v. State, 53 So. 3d 1125, 1126 (Fla. 1st DCA 2011) ("It is well-settled that an order disposing of some, but not all of the claims in a motion for postconviction relief is not an appealable final order."); Fla. R. Crim. P. 3.850(f)(4) ("An order that does not resolve all the claims is a nonfinal, nonappealable order . . . .").  Accordingly, we dismiss this appeal without prejudice to Appellant filing an appeal of the final order disposing of the remaining claims in his rule 3.850 motion.

DISMISSED.

WETHERELL, RAY, and MAKAR, JJ., CONCUR.

---

[1]  The order grouped together and ruled on the claims designated in the motion as Grounds One, Two, and Three, but it did not address the claims designated as Grounds Four, Five, and Six.  This oversight is likely due to the fact that the post-hearing memorandum filed by Appellant focused only on the first three grounds, but the memorandum also stated that Appellant was not abandoning the other grounds raised in the motion and addressed at the evidentiary hearing.