# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2431
Lower Tribunal Nos. 15-4749 & 18-5423
_____

**Gary Warlen, Trustee,**
Appellant,

vs.

**Catherine Badeaux, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

David B. Pakula, P.A., and David B. Pakula (Pembroke Pines); Law Office of Steven Friedman, and Steven Friedman (Pembroke Pines), for appellant.

Billbrough & Marks, P.A., and Geoffrey B. Marks; Spiegelman Law, and Guy G. Spiegelman, for appellees.


Before SCALES, LINDSEY and BOKOR, JJ.

SCALES, J.

Appellant Gary Warlen appeals a November 1, 2019 non-final order in a trust and guardianship dispute with appellee Catherine Badeaux. For the following reasons, we affirm.

## I. Relevant Background

Badeaux is the ward of a guardianship. Warlen is the trustee of a trust (the "Trust") that granted a life estate in a house to Badeaux, the Trust's main beneficiary. When the house fell into disrepair, Warlen sought to terminate Badeaux's life estate in the house and to make the guardianship responsible for the house's repairs.

After conducting a two-day, evidentiary hearing, the trial court entered the November 1, 2019 non-final order that is the subject of this appeal. The trial court's detailed, twelve-page order: (i) found that extensive repairs and mold remediation are required at the house; (ii) allocated the costs of the repairs between the Trust ($35,000) and the guardianship ($15,000); and (iii) required Warlen to make the repairs identified in the order. Specifically, this order "direct[s] . . . Warlen . . . to immediately retain a licensed, mold remediation company and to remove all from the residence" at Warlen's sole expense. The order further directs Warlen to make other repairs to the residence that are identified in an inspection report. Regarding the life estate termination issue, the November 1, 2019 order ratified and elaborated upon an earlier order that dismissed Warlen's effort to terminate the life estate. The

order also made the related factual finding that Badeaux, who relocated temporarily to an assisted living facility, lacked resources to continue to reside in the assisted living facility and "needs to return to her homestead and life estate in the subject residence, which is more affordable" than the assisted living facility.

Warlen moved for rehearing. On November 21, 2020, the trial court entered an unelaborated order denying Warlen's rehearing motion. This appeal timely ensued. We affirm.[1]

## II. Analysis

A. *Termination of Life Estate*

Our initial consideration is whether we have jurisdiction to review that portion of the trial court's November 1, 2020 non-final order that denies Warlen's motion to terminate Badeaux's life estate. Warlen argues that we have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) because the order determines "the right to immediate possession of property." We agree. Had the trial court

---

[1] Warlen also filed with the lower court a motion seeking an order appointing a receiver to manage the subject property. As part of this appeal, Warlen seeks appellate review of what Warlen characterizes as the trial court's denial of this motion. While we would normally have jurisdiction to review a non-final order denying a motion to appoint a receiver, see Fla. R. App. P. 9.130(a)(3)(D), our review of the record indicates that the trial court has not entered a written order on Warlen's motion to appoint a receiver. We, therefore, dismiss Warlen's appeal of the receivership issue, without prejudice to Warlen timely appealing a properly rendered written order that adjudicates the motion. See Slizyk v. Smilack, 901 So. 2d 999, 1000 (Fla. 4th DCA 2005).

terminated Badeaux's life estate, the Trust would have assumed immediate possession of the house, particularly because Badeaux had moved to an assisted living facility.

On the merits, we conclude that Warlen has not met his significant burden to establish that no reasonable trial judge would have left the life estate intact. Canakaris v. Canakaris, 382 So 2d 1197, 1203 (Fla. 1980). The trial court's November 1, 2019 order contemplates Badeaux's return home from an assisted living facility once the repairs are performed. The trial court assigned to the guardianship $15,000 for the cost of those repairs. The trial court's declining to terminate the life estate was compatible with these findings. We discern no abuse of discretion.

B. *Allocation of Repair Costs*

Again, our initial consideration is whether we have jurisdiction to review this portion of the trial court's November 1, 2019 non-final order. The order requires Warlen to "immediately retain a licensed, mold remediation company and to remove all mold from the residence . . . ." The order also requires Warlen to make approximately $35,000 in repairs to the house. This portion of the order is injunctive in nature; therefore, we have jurisdiction to review it. See Fla. R. App. P. 9.130(a)(3)(B); People's Tr. Ins. Co. v. Bravo, 300 So. 3d 314, 315 (Fla. 3d DCA 2020).

4

On the merits, Warlen argues that the allocation of repair costs between the Trust and the guardianship is inequitable because Badeaux's allowing the house to fall into disrepair distorts the Trust's financial responsibility toward the house. Our review, though, is not based upon whether we agree or disagree with the trial court's conclusions, but whether those conclusions are supported by competent, substantial evidence. Underwater Eng'g Servs., Inc. v. Util. Bd. of City of Key West, 194 So. 3d 437, 444 (Fla. 3d DCA 2016). The trial court conducted an evidentiary hearing over the course of two days. The resulting order contains specific findings, supported by the record, that delineate: (i) the necessary, outstanding repairs to the house; (ii) the cost of each of those repairs; and (iii) the repairs for which the Trust is responsible. Further, competent, substantial evidence supported the conclusion that the Trust bore both a greater responsibility for the outstanding repairs and full responsibility for the mold remediation. See Coconut Grove Acquisition, LLC v. S & C Venture, 240 So. 3d 92, 95 (Fla. 3d DCA 2018) ("The trial court's finding is supported by competent substantial evidence, and thus, we will not second guess the trial court on appeal.").

We therefore affirm the trial court's allocation of repair costs and the related injunctive portion of the order because the trial court's findings and conclusions are supported by competent, substantial evidence.

5

**III. Conclusion**

To the extent that Warlen has sought review related to his motion to appoint a receiver, we dismiss the appeal, without prejudice to Warlen seeking timely review of a properly rendered written order on the motion. We otherwise affirm the trial court's November 1, 2019 non-final order and its November 21, 2019 order denying Warlen's rehearing motion.

Affirmed in part; dismissed in part without prejudice.