**UNITED STATES of America, Appellee,**

v.

**Rafael Antoliano DIAZ BERRIOS, a/k/a Juan Martinez, Appellant.**

**No. 750, Docket No. 35214.**

United States Court of Appeals, Second Circuit.

Argued Feb. 11, 1971.

Decided April 23, 1971.

Philip Brown, Brooklyn, N. Y., for appellant.

B. Blair Crawford, Asst. U. S. Atty., for the District of Connecticut (Stewart H. Jones, U. S. Atty., for the District of Connecticut, Hartford, Conn., of counsel), for appellee.

Before WATERMAN and FRIENDLY, Circuit Judges, and McLEAN, District Judge.*

**PER CURIAM:**

Appellant was convicted after a jury trial on both counts of a two-count indictment which charged him with unlawfully causing the transportation of two forged checks in interstate commerce from Wallingford, Connecticut, to Gary, Indiana, knowing the checks to have been forged, in violation of 18 U.S.C. § 2314. Each check purported to be drawn by Borinquen Supermarket of Gary, Indiana, to the order of Juan Martinez, a name used by appellant. The checks were in the respective amounts of $194 and $7,000. The jury found that the signature of the drawer on each check was forged.

In January 1969, after endorsing the checks with the name Juan Martinez, appellant delivered the check in the larger amount to Francisco DeJesus in payment of the price of a grocery store in Wallingford, Connecticut, which appellant had agreed to buy from DeJesus. Appellant delivered the check in the smaller amount to a butcher in Wallingford in payment of the price of meat which appellant had ordered for the store. Each check was deposited in a bank in Wallingford, Connecticut, which sent them to the drawee bank in Gary, Indiana, which refused payment because the account of the drawer had been closed.

Upon appellant's conviction, Judge Zampano sentenced him on Count 1 to imprisonment for a term of ten years and on Count 2 to imprisonment for a term of eight years, the sentences to run concurrently. We are satisfied that no error was committed and accordingly, we affirm the conviction.

Appellant spoke only Spanish. He did not speak English and he understood it only slightly. His lawyer did not speak Spanish. Appellant's principal contention is that he was denied a fair trial because the arrangements made by the trial judge for interpreting the proceedings were so inadequate that

---

* Of the District Court for the Southern District of New York, sitting by designation.

appellant was not informed as to what was going on and hence was unable to defend himself. After examining the trial record, we find this contention to be without substance.

The interpreter, whose qualifications were not challenged, was present throughout the trial. Judge Zampano took particular pains to conduct the trial in such a manner as to make sure that appellant understood everything that was said. When the witnesses spoke in English, the interpreter sat by appellant and translated the proceedings, word for word, into Spanish. When the witnesses spoke in Spanish, which appellant obviously could understand, the interpreter stood near the bench where he translated the questions, objections and rulings from English into Spanish for the benefit of appellant and the witnesses, and the witnesses' answers from Spanish into English for the benefit of the court, jury and counsel. On several different occasions the court delayed proceedings in order to afford the interpreter an opportunity to explain something to appellant in Spanish. Appellant testified in his own defense. His testimony shows that he had understood the testimony of the government's witnesses.

Appellant relies primarily upon United States ex rel. Negron v. State of New York, 434 F.2d 386 (2d Cir. 1970), in which this court affirmed an order granting a petition for habeas corpus by a state prisoner on the ground that the interpreting at his trial for murder was so inadequate as to deprive him of due process. That case is clearly distinguishable from this. In *Negron* there was no continuous translation from English into Spanish. The interpreter merely gave the defendant from time to time a purported summary in Spanish of what had previously transpired in English. That is not the situation here.

▮▮ We have considered appellant's other contentions and find them to be without merit. The evidence was amply sufficient to sustain the jury's verdict. The sentences, although severe, did not exceed the limits permitted by the statute.

The judgment is affirmed.