PER CURIAM.
Appellants dispute their joint conviction of the strong-arm robbery of a small Apalachicola grocery store.
Appellant Hines claims that he was entitled to a judgment of acquittal by reason of insanity, and both appellants contend the trial court committed reversible error in finding a state witness mentally competent to testify. We affirm on both points.
It is well established in Florida law that a defendant’s mental condition at the time of the offense is a question of fact for the jury. Byrd v. State, 297 So.2d 22 (Fla. 1974); Jones v. State, 332 So.2d 615 (Fla. 1976). Our review of the record reveals competent lay testimony supporting the jury’s finding that Hines was sane at the time of the offense, notwithstanding the expert psychologist’s testimony to the contrary.
On the second point, it appears that state witness Charlie Miller was able to understand the nature and obligations of the oath as well as to perceive, remember and narrate the incident. Therefore, despite Miller’s previous mental instability, there was no abuse of discretion in allowing him to testify about the incident before the jury. Florida Power & Light Co. v. Robinson, 68 So.2d 406 (Fla.1953); District of Columbia v. Armes, 107 U.S. 519, 2 S.Ct. 840, 27 L.Ed. 618 (1883).
AFFIRMED.
McCORD, Acting C. J., and BOOTH and LARRY G. SMITH, JJ., concur.