410 So.2d 1355 (1982)
Robert Charles KAELIN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-29.
District Court of Appeal of Florida, Fourth District.
March 3, 1982.
Rehearing Denied March 31, 1982.
*1356 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Appellant appeals his conviction on five counts of sexual battery. We affirm.
The victim, Claire, is a thirty-two year old mentally retarded woman. She is afflicted with cerebral palsy and a severe hearing deficiency. She has an IQ of fifty-four and the sign language ability of a six to eight year old child. Her ability to speak is also extremely limited.
Prior to trial, a hearing was conducted on defendant's motion to exclude Claire as a witness. The trial court found that she was capable of communicating but determined that her language deficiencies precluded effective cross examination. The court deferred ruling on the motion so that she would have an opportunity to enhance her communicative ability. To this end, appellant's expert, Dr. Dunstall, recommended that Bill Cohn assist Claire in improving her language skills. Mr. Cohn spent approximately fourteen hours over the course of several weeks working with Claire. Thereafter, based upon such improvement, the motion to exclude Claire as a witness was denied. Mr. Cohn thereafter served as her interpreter during trial.
Three points are raised on appeal. First, appellant asserts that the court erred in finding Claire competent to testify. Second, it is argued that Bill Cohn was unqualified to act as her interpreter. Lastly, appellant contends that the trial court erred in denying a mistrial following three exclamations by Claire's mother, while testifying, to the effect of "It hurts." We find no merit in this last claimed error.
We have carefully reviewed the transcript of the proceedings below. Both parties have requested that we review video tapes of Claire's testimony. We decline to do so. The record more than adequately depicts the evidence considered by the jury. Moreover, it is the function of the trial *1357 judge, whose observations are firsthand, to determine the competency of a witness to testify. The prerequisites of competency have been universally recognized. A witness must have sufficient intelligence to understand the nature and obligations of the oath and the ability to perceive, remember and narrate the incident. Powell v. State, 373 So.2d 73 (Fla. 1st DCA 1979).
We will first consider the issue of Mr. Cohn's qualifications to act as Claire's interpreter. Although Cohn was not Board certified, he was an experienced interpreter for the deaf. He is certified by the National Registry of Interpreters for the Deaf. He has considerable experience teaching sign language to retarded and the blind deaf persons. Furthermore, Cohn has been qualified as an interpreter for deaf persons in court proceedings and has acted as such on numerous occasions. While not an expert on official American sign language and interpretation for the deaf in general, even appellant's expert, Dr. Dunstall, agreed that Cohn's work with Claire gave him special insight and understanding as to her manner of communicating. It is true that Dr. Dunstall did not consider Cohn qualified to interpret for Claire. She testified that she disagreed with many of the interpretations put forth by Cohn. However, such disagreement went only to the weight accorded Claire's testimony, not to its admissibility. Dr. Dunstall's main objection to Cohn's qualifications was that he did not possess a "legal skills certificate" which signifies Board certification. This fact is insufficient to disqualify Cohn. Board certification has never been held as a prerequisite for expert status. See Chenoweth v. Kemp, 396 So.2d 1122 (Fla. 1981); Kelly v. Kinsey, 362 So.2d 402 (Fla. 1st DCA 1978). The trial judge, after extensive inquiry, was satisfied with Cohn's ability to serve as an interpreter for Claire and the record does not establish that this decision was an abuse of discretion. See Section 90.606, Florida Statutes, Law Revision Council Note (1976).
We now turn to the issue of Claire's competency to testify. This question is by no means clear. Undeniably, Claire has a very low intelligence quotient, and intelligence is a primary component of witness competency. Bell v. State, 93 So.2d 575 (Fla. 1957). Additionally, we recognize that Claire's other handicaps severely strain opportunity for effective cross-examination. However, we cannot conclude, on the record before us, that allowing Claire to testify was an abuse of discretion. As limited as she was, Claire was nevertheless able to relate the circumstances of the assaults upon her with sufficient clarity and decisiveness so that her testimony was properly submitted to the jury. Claire was firm in her identification of appellant as her assailant. She was likewise consistent in her description of the assaults. We have no doubt that the defense of appellant was made more difficult by the limitations of Claire's communicative ability. Yet the record is clear that "a comprehensible narrative does emerge from the sum of her testimony." United States v. Benn, 476 F.2d 1127 (D.C. Cir.1973).
Competency to testify is established when a witness has sufficient understanding to comprehend the obligations of the oath and is capable of giving a correct account of the matters which the witness has seen or heard relative to the question at issue. A case similar to that sub judice is People v. Parks, 41 N.Y.2d 36, 390 N.Y.S.2d 848, 359 N.E.2d 358 (1976). In that case, a sixteen year old, mentally retarded girl was sexually assaulted three times during a four month period by her school bus driver. The victim had an IQ of seventy-three and mental development similar to that of a twelve or thirteen year old girl. The appellant alleged that she was incompetent to testify. The Court responded:
The test is whether the prospective witness "has sufficient intelligence to understand the nature of an oath and to give a reasonable, accurate account of what he has seen and heard, vis-a-vis the subject about which he is interrogated... The resolution of the issue of witness competency is exclusively the responsibility of the trial court, subject to limited appellate *1358 review. It is the trial judge who has the opportunity to view the witness, to observe manner, demeanor and presence of mind, and to undertake such inquiries as are effective to disclose the witness's capacity and intelligence... . Impressions that may be validly drawn only from close hand personal observation cannot be "photographed into the record" for later study by appellate courts. (Emphasis added).
The record amply demonstrates that the trial judge closely observed Claire's interrogation and was satisfied that she was competent to testify.
We do not find that Claire was so deficient because of her afflictions and mental infirmity that the admission of her testimony was a clear abuse of discretion. Accordingly, the judgment and sentence of the trial court is affirmed.
AFFIRMED.
BERANEK and HERSEY, JJ., concur.