443 So.2d 339 (1983)
Modesto MONTE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2492.
District Court of Appeal of Florida, Second District.
December 28, 1983.
Jerry Hill, Public Defender, Bartow and Amelia G. Brown, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Modesto Monte appeals his judgment and sentence for attempted second degree murder. In this appeal, Monte contends the trial court committed reversible error regarding the participation of a court-appointed language interpreter during his guilty plea and the failure to appoint an interpreter for his subsequent sentencing proceeding. As to the former contention we affirm, but as to the latter we reverse.
Monte, a Spanish-speaking resident and employee of the Santiago Labor Camp located in Hillsborough County, was charged with the attempted first degree murder of a man at another labor camp also situated in Hillsborough County. Thereafter, a public defender was appointed on Monte's behalf, and counsel requested that the court appoint an interpreter to translate an alleged confession and witnesses' statements, all apparently given in the Spanish language. Defense counsel also requested that the court appoint a translator for trial because of Monte's inability to understand *340 the English language. The first motion was granted shortly after it was filed, but the second motion apparently was left pending.
On August 9, 1982, after plea negotiations between the state attorney and defense counsel, a guilty plea hearing was conducted. The state agreed to accept a plea of guilty to the amended charge of second degree murder with the understanding that the trial court would order a presentence investigation and sentence Monte to no more than seven years in prison. Additionally, Monte was to cooperate with the state in its efforts to bring charges against other individuals allegedly involved in the crime. During the hearing, defense counsel asked the court to consider imposing a lesser sentence because of the testimony Monte had already given the authorities. Defense counsel advised the court that he was satisfied the state could prove a prima facie case, and stated that he had advised Monte of the maximum penalty.
Prior to accepting the plea, the trial court ruled an interpreter was necessary and swore in an interpreter to translate from English to Spanish and vice versa.[1] The record does not reveal whether the specific oath required by section 90.606(3) was administered, and neither an agreement stipulating to the interpreter's qualifications nor a statement concerning those qualifications appears in the record.[2] Thereafter, the record reflects that Monte was sworn by the interpreter, and the following colloquy occurred:
THE COURT: Ask him if he is Modesto Monte?
THE INTERPRETER: Yes, Your Honor.
THE COURT: Ask him if he understands that he is charged with attempted murder in the first degree; Case No. 82-1223?
THE INTERPRETER: Yes, sir.
THE COURT: Would you tell him that his lawyer has tendered a plea of guilty to that charge for him and that the State has agreed to an amended charge of attempted murder, second degree. Would you tell him that his attorney has tendered a guilty plea of attempted murder in the second degree.
THE INTERPRETER: Yes, sir, Your Honor.
THE COURT: Ask him if he pleads guilty because he is guilty. I need to know if he is guilty or not guilty.
THE INTERPRETER: Yes, Your Honor.
THE COURT: Would you ask him if anybody has promised him anything other than the fact that he would be pleading for the seven year cap in this matter?
THE INTERPRETER: No.
THE COURT: Would you ask him if anybody has threatened him in any way to get him to plead guilty to this offense.
THE INTERPRETER: No.
THE COURT: Would you ask him if he understands that he has a right to a trial in regard to this offense, and if he *341 accepts this plea, he has waived his right to a trial.
THE INTERPRETER: He understands the charge. (Emphasis added).
After this colloquy, the trial court accepted the plea, adjudicated Monte guilty, and ordered a presentence investigation. The sentencing date was postponed. Subsequently, on October 26, 1982, Monte appeared with counsel for sentencing. No interpreter was present. Defense counsel apparently did not request an interpreter for sentencing purposes, and the trial court did not appoint an interpreter on its own. At the brief hearing, the trial judge stated he had examined the presentence investigation report; he then sentenced Monte to the seven-year prison term pursuant to the plea agreement. However, at no time during the hearing did the court give Monte an opportunity to comment on the proposed sentence. The written judgment and sentence was then entered. Thereafter, Monte filed a timely notice of appeal.
Monte first argues that his plea was not voluntarily and intelligently entered because the interpreter failed to accurately translate the discussion in which the court sought to determine whether his plea was valid. Monte then argues it was error for the trial court to sentence him without an interpreter being present to translate the proceedings, including any comments he had which might have prohibited or mitigated the sentence that was imposed.
First, we are precluded from reversing the judgment on the basis that the plea was not voluntarily and knowingly entered because Monte failed to file below a motion to withdraw his guilty plea. Counts v. State, 376 So.2d 59 (Fla.2d DCA 1979); Cf. Kadar v. State, 370 So.2d 1231 (Fla. 4th DCA 1979).[3] Nevertheless, because the record suggests that insufficient procedures were utilized concerning the interpreter's participation in the acceptance of the plea, we briefly discuss the contention in the hope that similar problems do not occur after remand.
We emphasize, as we must, that the decision to appoint an interpreter in accordance with section 90.606, Florida Statutes (1981), is a matter largely within the trial court's discretion, Watson v. State, 190 So.2d 161 (Fla.), cert. denied, 389 U.S. 960, 88 S.Ct. 339, 19 L.Ed.2d 369 (1966), and the determination of the particular interpreter's qualifications will not be reversed absent a clear abuse of discretion, Kaelin v. State, 410 So.2d 1355 (Fla. 4th DCA 1982). With these principles in mind, we observe that the record does not contain any mention of the qualifications of the court-appointed interpreter, his name, the specific oath required by section 90.606(3), or instructions which the trial court gave the interpreter concerning his participation in the plea proceeding. Furthermore, the plea colloquy is subject to differing interpretations as to whether the trial court's questions were accurately transmitted to Monte and whether Monte understood and personally responded to those questions.[4] *342 Significantly, the interpreter merely responded "yes" or "no" to the court's requests made to the interpreter, such as  "Would you tell him ..., Would you ask him if ...," or "Ask him if ...," and further, the interpreter's reply that Monte "understands the charge" in response to the trial court's advisement as to waiver of the right to trial lends support to Monte's argument that the translation was not adequate and therefore the plea not valid. See Balderrama v. State, 433 So.2d 1311, 1313 (Fla. 2d DCA 1983).[5] Nevertheless, although we mention these imperfections in the plea hearing as previously stated, we do not decide the merits of Monte's first point on appeal.
With respect to Monte's second contention, we hold that it was reversible error in this case for the court to fail to appoint an interpreter at the sentencing proceeding even though defense counsel failed to raise the issue at that hearing. Once the trial court agreed Monte had a language problem and appointed an interpreter for the plea hearing, fundamental fairness as it relates to a non-English speaking defendant such as Monte requires an interpreter be appointed for sentencing as well, absent a valid waiver or the presence of other circumstances which would enable Monte to comprehend the sentencing proceeding. Cf. Balderrama, supra; see also § 90.606. Neither exception was present in this case. The requirement of an interpreter at the sentencing hearing ensures that a non-English speaking defendant is truly "present" at sentencing as contemplated by Florida Rule of Criminal Procedure 3.180(a)(9) and not merely physically there without the ability to understand or comment on the proceedings which will culminate in a circumscription of his liberty. Our system of justice has evolved too far for a defendant's acknowledged language problem to cause him to be placed in a position before the court which is not equal to that of an English-speaking defendant in terms of communicative opportunities. Therefore, we hold the trial court's failure to appoint an interpreter for sentencing constituted reversible error which can be corrected on appeal.
Accordingly, we affirm the judgment, but vacate the sentence and remand for resentencing, wherein the trial court is directed to appoint a "duly qualified" interpreter to assist Monte during the sentence hearing.
AFFIRMED in part, REVERSED in part.
OTT, C.J., and DANAHY, J., concur.
NOTES
[1] Section 90.606, Florida Statutes (1981), provides as follows:

Interpreters and translators. 
(1) When a judge determines that a witness cannot hear or understand the English language, or cannot express himself in English sufficiently to be understood, an interpreter who is duly qualified to interpret for the witness shall be sworn to do so.
(2) A person who serves in the role of interpreter or translator in any action or proceeding is subject to all the provisions of this chapter relating to witnesses.
(3) An interpreter shall take an oath that he will make a true interpretation of the questions asked and the answers given and that he will make a true translation into English of any writing which he is required by his duties to decipher or translate. (emphasis supplied)
The parties have not cited to us nor are we aware of any other statutory provision, Florida Rule of Criminal Procedure, or Thirteenth Judicial Circuit local administrative rule which further addresses the use of language interpreters during criminal proceedings. Cf. Fed.R.Evid. 604, which implements Fed.R.Crim.P. 28. See generally 3 J. Weinstein, Weinstein's Evidence ¶ 604 (1982).
[2] We point out, however, that Monte did not object to a failure to administer the oath or to the interpreter's qualifications.
[3] Monte is not precluded from filing a motion for post-conviction relief in order to challenge the validity of his plea. See Balderrama v. State, 433 So.2d 1311 (Fla. 2d DCA 1983).
[4] Until formal rules are promulgated, we suggest the following procedures which we believe will reduce the problems incurred in determining, both at trial and on appeal, the validity of a guilty plea of a non-English speaking defendant. The trial court and defense counsel should ensure that:

(1) the specific oath required by section 90.606(3) is administered to and taken by the interpreter and is made a matter of record;
(2) the court directly and personally addresses each of his inquiries to the defendant in English and each question is recorded;
(3) the interpreter immediately translates each of the court's questions to the defendant in the language comprehended by the accused. The translation need not be recorded if the court reporter notes the questions are being translated and communicated to the defendant;
(4) the defendant directly and personally addresses each of his responses to the court in the language comprehended by the defendant; however, the responses need not be recorded if the court reporter notes the responses are being made personally by the defendant;
(5) the interpreter, thereafter, translates each of the defendant's responses to the court in English and each response is recorded.
A word for word translation aids in guaranteeing that the interpreter only serves as a communication conduit for the court and the interested parties, unless otherwise required. Cf. United States v. Diaz Berrios, 441 F.2d 1125 (2d Cir.1971). Furthermore, the above procedures help to make certain that the plea colloquy of a non-English speaking defendant is conducted in accordance with the requirements of Florida Rule of Criminal Procedure 3.172(c).
[5] We do not wish for our comments to discourage trial courts from appointing language interpreters in appropriate cases and acknowledge the efforts of trial courts, such as the court below, which endeavor to protect the rights of non-English speaking defendants.