PER CURIAM.
Appellant was indicted for first degree murder. Pursuant to a negotiated agreement, he pleaded guilty to second degree murder and was sentenced to fifteen years in prison with a mandatory three year minimum. Thereafter, appellant filed a motion for post conviction relief in which he attacked the voluntariness of his guilty plea. After an evidentiary hearing the trial court denied the motion and appellant perfected this appeal.
Appellant is a native of Mexico with virtually no education and he does not speak English. Accordingly, the hearing at which the court accepted his guilty plea was conducted through an interpreter. This record contains a tape recording of the plea hearing. In addition, testimony was adduced at the hearing on the post-conviction relief motion from an expert on Spanish interpretation. This expert listened to the tapes and testified that the interpreter at the plea hearing in many instances did not interpret the questions the judge asked; she simply told appellant he should plead guilty. Without delineating this entire colloquy among judge, interpreter, and appellant at the plea hearing, suffice to say that we are convinced that no one could determine appellant’s plea was voluntarily made from that hearing. See Monte v. State, 443 So.2d 339 (Fla. 2d DCA 1983). If anything, the indications would lead to a contrary conclusion. We are most reluctant to reverse the veteran trial judge in a matter of this nature. However, we feel compelled to do so here in the interests of justice.
Accordingly, we reverse the order appealed from and remand the cause to the trial court with directions to allow appellant to withdraw his plea of guilty if he be so advised and provide him a trial by jury.
REVERSED 'AND REMANDED, with directions.
DOWNEY, HURLEY and DELL, JJ., concur.