520 So.2d 313 (1988)
Luis QUINTANA, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2409.
District Court of Appeal of Florida, Second District.
February 24, 1988.
James Marion Moorman, Public Defender and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Appellant raises two points on appeal. We find merit in only one.
Appellant, a non-English speaking person, contends that the trial court erred in sentencing him without an interpreter present at the sentencing hearing. We agree.
At appellant's request, the trial court provided appellant with an interpreter for *314 trial. Appellant requested an interpreter for the sentencing hearing, but the trial court denied the request as untimely. Appellant attempted to address the court at sentencing, but his statements were incomprehensible:
MR. MARS: Mr. Quintana wants to address the Court.
Do you want to speak to the judge, Luis?
DEFENDANT QUINTANA: Yeah.
MR. MARS: Mr. Quintana can't address the Court without an interpreter.
THE COURT: Well, I'm sorry. No one told me to arrange for an interpreter and my 
DEFENDANT QUINTANA: Okay. Excuse me, you know, they say, you know, they say that three  Not really plenty  Mr. Allen, he told me he don't believe it. He try to  with be four guy, he say, you know, two guys, three, whatever, right? And that plenty up.
He investigate  I got the name right here, investigator be out there. They know about this, you know? And he say, you know, I allow you whatever, might he said they don't have no on me and that's he is right, I don't lie, nothing like that. But he said you don't help, you know, whatever, do like this here. And that's help, whatever.
I said, Mr. Allen, I can give to you no help because really I don't know, you know, about nobody. Then he say, okay, I send you out there to the bathroom. I can, you know, I can do nothing. There's nothing to say. He would be a, man, whatever, you now, nobody seen me like that in Lakeland. And they say, you know, I be in there, too. They recommend three year.
THE COURT: All right. The sentence of four-and-a-half years will stand. You have thirty days to appeal. Three years of that is mandatory.
That's all.
The trial court erred in sentencing appellant without an interpreter. Monte v. State, 443 So.2d 339 (Fla. 2d DCA 1983); Balderrama v. State, 433 So.2d 1311 (Fla. 2d DCA 1983). In Monte, a panel of this court held:
The requirement of an interpreter at the sentencing hearing insures that a non-English speaking defendant is truly "present" at sentencing as contemplated by Florida Rule of Criminal Procedure 3.180(a)(9) and not merely physically there without the ability to understand or comment on the proceedings which will culminate in a circumscription of his liberty. Our system of justice has evolved too far for a defendant's acknowledged language problem to cause him to be placed in a position before the court which is not equal to that of an English speaking defendant in terms of communicative opportunities.
Id. at 342.
Once the trial court agreed that appellant had a language problem and appointed an interpreter for the trial, "fundamental fairness" required that an interpreter be appointed for sentencing as well, "absent a valid waiver or the presence of other circumstances which would enable [appellant] to comprehend the sentencing proceeding." Id.
Accordingly, we affirm appellant's conviction and reverse his sentence and remand for resentencing with an interpreter present at the resentencing hearing.
Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.
SCHEB, A.C.J., and PARKER, J. concur.