W. SHARP, Judge.
Vazquez appeals from the trial court’s summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He previously appealed from his conviction and sentence for first degree murder, armed burglary of a dwelling, and grand theft of a motor vehicle. This court per curiam affirmed without opinion. See Vazquez v. State, 620 So.2d 777 (Fla. 5th DCA 1993). Vazquez argues in this collateral proceeding that his trial counsel was ineffective for not providing him with an interpreter during the trial, and that the trial court erred in not providing him with an interpreter. We affirm.
Claims involving the absence of an interpreter at trial are ones which could be and should be raised on direct appeal. They are not appropriately raised in a rule 3.850 proceeding, which is a collateral attack on the original judgment. Lopez v. Singletary, 634 So.2d 1054 (Fla.1993); Rivera v. Dugger, 629 So.2d 105 (Fla.1993). See also Larias v. State, 528 So.2d 944 (Fla. 3d DCA 1988); Quintana v. State, 520 So.2d 313 (Fla. 2d DCA 1988). Vazquez will not be allowed a *487 second appeal under the guise of an ineffective assistance of counsel claim.
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.