683 So.2d 678 (1996)
Floyd E. PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2956.
District Court of Appeal of Florida, Fourth District.
December 11, 1996.
Floyd E. Palmer, Crestview, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant's rule 3.850 motion was summarily denied by an order that did not attach any record excerpts. Appellant had alleged that his trial counsel was ineffective for failing to call a witness whose testimony would have been favorable to the defense. The motion stated that the witness was available to testify at trial. This allegation was sufficient to require consideration by the trial court. Highsmith v. State, 617 So.2d 825, 827 (Fla. 1st DCA 1993). In the absence of a *679 record, we cannot determine whether the failure to call the witness made any difference in the outcome of the trial.
The order denying the motion is reversed and the case is remanded for further proceedings. On remand, if the trial court does not grant the appellant's motion, it must either conduct an evidentiary hearing or attach to its order excerpts from the record that conclusively disprove the appellant's claim. We agree with the trial court that the remainder of the appellant's allegations were legally insufficient and affirm the denial of those claims.
GUNTHER, C.J., and GLICKSTEIN and WARNER, JJ., concur.