764 So.2d 895 (2000)
Moussa TEHRANI, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2119.
District Court of Appeal of Florida, Fifth District.
August 11, 2000.
James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Moussa Tehrani ["defendant"] appeals his convictions and sentences for possession of heroin, sale of heroin, possession of *896 drug paraphernalia, and possession of twenty grams or more of marijuana. Appellant has raised four issues on appeal. As to the claim of prosecutorial misconduct during closing argument, we find no error. We also find no abuse of the lower court's discretion in its handling of the discovery violation and speedy trial issue. Although it would have been preferable if the court had given the entrapment instruction on all counts, given the paucity of evidence presented on entrapment, bordering on legal insufficiency, we can find no reversible error.
We write to express our concern about the lack of an interpreter for the defendant, but in light of his counsel's consistent failure to assert his right to one or his need for one, we find no basis to reverse the conviction. This is an issue more appropriately addressed in a postconviction proceeding.
This case was tried twice, the first trial ending in a mistrial due to an issue arising over alleged late discovery by the state. After conducting a hearing on the discovery issue, the lower court declared a mistrial which it charged to the defendant. Immediately thereafter the court had the following exchange directly with the defendant:
Q. Mr. Tehrani, you're not a U.S. citizen, are you?
A. No, sir.
Q. You are not a U.S. citizen?
A. No. I got a green card.
Q. That is really not my point of concern. That's just a preliminary question to what is your native language?
A. Hebrew.
Q. Do you speak English?
A. I speak. But sometime in a court, Your Honor, I don't understand what is they saying.
Q. Do you need someone here that speaks English and Hebrew to interpret for you?
A. I have nobody but my wife and my stepdaughter.
Q. Do you need somebody to interpret for you?
A. `Cause they asked me yesterday if you understand anything happening in the court. I say I don't understand.
Q. Well, you understand English okay?
A. Yes. I'm talking street talk. People talking outsideyou know, hello, how are you. But come down to lawI'm not educated, I never have been to school in my life.
Q. Well, I understand that even the folks born in this country, and now this is their native tongue, don't understand legal procedure. We're not asking you to take a law exam.
A. Some word coming out I don't understand.
Q. Well, I just want to know if you want to
A. It's classy (as heard) in the court room.
Q. Do you want to have an interpreter here to interpret for you?
A. If it's possible. Yes.
Q. That's up to you. I just want to point that out.
A. Yes. If somebody can explain to me. Yes.
Q. They're not going to give you legal training, but they're just going to translate from one language to the next, that's all they're going to do.
A. Yeah.
Q. That's up to you.
A. Yes.
Q. Do you understand that?
A. Yes.
Q. Are you going to bring an interpreter with you next time?
A. I have nobody. I'm in Florida just me and my wife and step-daughter.

*897 DEFENSE COUNSEL: He has been incarcerated since the arrest, from December 12th of '97.
At the end of this exchange, the court concluded:
Well, in that case, then, I'll grant the defense motion to declare a mistrial, and discharge the jury. I'll grant a continuance and charge it to the defendant. And I guess we'll try this case in June.
The defendant appeared at the second trial without an interpreter. Near the end of voir dire, the court attempted to explain to defendant that he had the right to excuse a juror if the jury was not qualified to serve or could not be fair. Defendant stated that he was concerned about his ability to understand the proceedings.
THE DEFENDANT: What is going to happen? People speak too strong English and if I don't understand it, what am I going to do?
THE COURT: Are you talking about the witnesses?
THE DEFENDANT: Witnesses. State attorney. Even my lawyer. I don't understand all they are saying.
THE COURT: You have the right to get an interpreter to help you.
THE DEFENDANT: I have no family. I got nobody here. Me and my wife. I tried to find somebody, but most of them are in Los Angeles.
THE COURT: Hold that for a moment. I'm asking you something else right now.
The court then went on to continue explaining jury strikes to the defendant. The issue of defendant's comprehension of the proceedings was not addressed any further.
When court reconvened for trial the following day, the prosecutor brought up the issue of an interpreter, stating:
PROSECUTOR: There is just one issue, Judge. Yesterday, when the Court asked Mr. Tehrani if he was satisfied with the jury selection, Mr. Tehrani made some statements about some things that took place that he didn't understand. There was an issue as to whether or not he wanted an interpreter.
We request the Court to clarify with the defendant as to whether or not he is ready to proceed today, or what we're going to do about that.
DEFENSE COUNSEL: If he is not
PROSECUTOR: I don't haveThat is up to the defendant.
THE COURT: Is defense ready to proceed?
DEFENSE COUNSEL: Yes, Your Honor.
DEFENSE COUNSEL: There is no interpreter here.
THE COURT: Mr. Tehrani. Were you going to arrange for an interpreter?
THE DEFENDANT: No. I was going to try to listen.
THE COURT: Do you understand that you could get one if you wanted to get one to help you?
THE DEFENDANT: No. That's right.
THE COURT: Okay. State satisfied?
PROSECUTOR: Yes, sir. We just wanted his waiver of interpreter on the record, Judge.
THE COURT: You're waiving the right to get an interpreter?
THE DEFENDANT: I'm okay.
THE COURT: Okay. So I find that the defendant is waiving the right to get an interpreter.
PROSECUTOR: Thank you, Judge.
DEFENSE COUNSEL: With that, Judge, we're prepared to proceed this morning.
Defendant now complains on appeal that he is entitled to a new trial because the court failed to determine his need for an interpreter. The State urges that defendant has failed to preserve this claim for review and that the record demonstrates that defendant had a sufficient understanding of English.
*898 A non-English speaking defendant has the right to an interpreter, a right grounded on due process and confrontation considerations of the Constitution. Suarez v. State, 481 So.2d 1201 (Fla. 1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 994 (1986). The right is not necessarily waived by the failure to assert it, since a defendant's inability to understand the language may be the cause of the failure to assert his rights. State v. Neave, 117 Wis.2d 359, 344 N.W.2d 181 (1984), approved in Suarez, 481 So.2d at 1204. Once the trial court is aware that an accused has difficulty with the English language, the court should determine whether a defendant understands English sufficiently to aid in his defense, much as the court has a duty to determine whether a defendant is mentally competent. 344 N.W.2d at 188.[1]
Also, in Florida, a witness has a statutory right to an interpreter:
90.606. Interpreters and translators
(1)(a) When a judge determines that a witness cannot hear or understand the English language, or cannot express himself or herself in English sufficiently to be understood, an interpreter who is duly qualified to interpret for the witness shall be sworn to do so.
Section 90.606, Florida Statutes (1997).
In this case, the trial court recognized the defendant's difficulty with the language in the first trial. Because Tehrani's counsel made no request for an interpreter, however, the record fails to show whether Tehrani was unable to understand the testimony, whether he was aware that an interpreter would be provided if he could not afford one or whether his decision not to have an interpreter was based on his lack of understanding that he had the right to assistance in obtaining one. Given the response to the court's query concerning an interpreter by Tehrani and his counsel, there is no basis to conclude that the court reversibly erred.
AFFIRMED.
THOMPSON, C.J., and COBB, JJ., concur.
NOTES
[1] According to Neave:

Whenever the trial court is put on notice that an accused has a language difficulty, the trial court must make a factual determination of whether the language difficulty is sufficient to prevent the defendant from communicating with his attorney or reasonably understanding the English testimony at the preliminary hearing or trial. If the court determines that an interpreter is necessary, it must make certain that the defendant is aware that he has a right to an interpreter and that one will be provided for him if he cannot afford one. Any waiver of the right to an interpreter [which waiver must be made personally by the defendant] must be made voluntarily in open court on the record.
Id. at 188-189.