782 So.2d 946 (2001)
Sterling CHILDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4408.
District Court of Appeal of Florida, Fourth District.
April 4, 2001.
Sterling Childers, Madison, pro se.
No appearance required for appellee.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We withdraw our per curiam opinion and substitute the following in its place.
Appellant challenges the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. The trial court denied the motion because: (1) defendant's ineffective assistance of counsel claim was simply reraising an issue already addressed on direct appeal; and (2) his challenge to the sufficiency of the evidence was an issue that should have been addressed on direct appeal. We affirm.
*947 Rule 3.850 does not provide a second chance to raise allegedly reversible error that was argued in the original appeal by re-raising it under the guise of an ineffective assistance of counsel claim. See Freeman v. State, 761 So.2d 1055, 1067 (Fla.2000); Vazquez v. State, 653 So.2d 486 (Fla. 5th DCA 1995).
Appellant's challenge to the sufficiency of the evidence was an issue for direct appeal, and therefore not cognizable under rule 3.850. See Jones v. State, 699 So.2d 809 (Fla. 1st DCA 1997); Williams v. State, 642 So.2d 67 (Fla. 1st DCA 1994). The law is clear that where an issue could have been raised on direct appeal, it is not a proper subject for a rule 3.850 motion. See Koon v. Dugger, 619 So.2d 246, 247 (Fla.1993); Armstrong v. State, 429 So.2d 287 (Fla.1983).
Affirmed.
WARNER, C.J., POLEN and SHAHOOD, JJ., concur.