796 So.2d 1195 (2001)
Delmetric DOWLING, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1592.
District Court of Appeal of Florida, Fourth District.
September 19, 2001.
Delmetric Dowling, South Bay, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant seeks review of an order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Appellant alleged that his counsel was ineffective in not filing a motion for new trial after the jury found him guilty on the basis that the weight of the evidence was contrary to the verdict. The trial court deemed appellant's motion time-barred under the two-year filing deadline and denied relief.
The trial court erred in denying appellant's motion for this reason. Nevertheless, we affirm because appellant seeks to relitigate this asserted error under the guise of an ineffective assistance of counsel claim. Appellant relies on the same testimony he referenced in his direct appeal (in which he claimed that there was insufficient evidence to convict him) to now claim his lawyer should have requested a new trial because the evidence weighed in his favor. Both of these claims, here and on direct appeal, challenged the sufficiency of the evidence supporting the jury's verdict.
Appellant's ineffective assistance of counsel claim reargues an issue previously addressed on direct appeal. See Childers v. State, 782 So.2d 946, 947 (Fla. 4th DCA 2001)(on motion for clarification)("Rule 3.850 does not provide a second chance to raise allegedly reversible error that was argued in the original appeal by re-raising it under the guise of an ineffective assistance of counsel claim."); see also Vazquez v. State, 653 So.2d 486, 486-87 (Fla. 5th DCA 1995)("Vazquez will not be allowed a *1196 second appeal under the guise of an ineffective assistance of counsel claim.").
Accordingly, we affirm.
DELL, STEVENSON and HAZOURI, JJ., concur.