862 So.2d 945 (2004)
Terrance D. McCLENDON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-705.
District Court of Appeal of Florida, Fourth District.
January 14, 2004.
Terrance D. McClendon, Milton, pro se.
No appearance required for appellee.
PER CURIAM.
We reverse the trial court's denial of the appellant's rule 3.850 motion for postconviction relief. The order denying relief does not show the rationale used by the court to summarily deny the motion, nor does it attach any record excerpts that specifically address the claims raised in the rule 3.850 motion. See Anderson v. State, 627 So.2d 1170 (Fla.1993) (citing Hoffman v. State, 571 So.2d 449, 450 (Fla. 1990)). Our supreme court has consistently described the lower court's duties when denying such a motion as "a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion." Id. at 1171.
In the instant case, the appellant filed both a rule 3.850 motion and a rule 3.800 motion, both summarily denied by the lower court on the same day. The record reveals the lower court attached the state's response to the rule 3.800 motion as its justification for denying the appellant's rule 3.850 motion. As no other rationale was contained within the order denying relief, the order fails to comply with the requirements of Florida Rule of Criminal Procedure 3.850(d) and cases such as Anderson and Hoffman.
Therefore, the order denying relief is reversed and remanded to the trial court for the attachment of record excerpts conclusively showing appellant is entitled to no relief with respect to his rule 3.850 motion. If no such record excerpts exist for all the claims raised therein, the appellant is entitled to an evidentiary hearing on those claims not conclusively refuted by the record.
FARMER, POLEN and KLEIN, JJ., concur.