MONACO, J.
Brian K. Booska appeals the summary denial of his rule 3.850 motion for post-conviction relief. We affirm.
Mr. Booska was convicted of vehicular homicide and sentenced to 208 months in the custody of the Florida Department of Corrections. His plenary appeal from the judgment and sentence was affirmed by this court per curiam and without opinion. See Booska v. State, 847 So.2d 484 (Fla. 5th DCA 2003). He then raised sixteen claims of ineffective assistance of counsel in his 3.850 motion, all of which were summarily denied by the trial court. In this appeal Mr. Booska seeks review of the order denying post-conviction relief.
At least thirteen of the grounds for relief listed by Mr. Booska consist of a rehash of the points raised on his direct appeal in this case, all of which were rejected. Inasmuch as we found no error in the underlying claims, Mr. Booska’s counsel cannot logically be deemed ineffective for not more vigorously objecting to or raising these issues below. Moreover, rule 3.850 does not provide a second avenue for raising purportedly reversible errors that were argued in the plenary appeal by re-raising them in the guise of ineffective assistance claims. See, e.g., Freeman v. State, 761 So.2d 1055, 1067 (Fla.2000); Vazquez v. State, 653 So.2d 486 (Fla. 5th DCA 1995).
As to the remaining issues raised, we conclude that the trial court did not err in denying them summarily. The sentence imposed was not vindictive[1], the autopsy photographs were properly admitted[2], and *1239 the combined claims do not amount to cumulative error entitling Mr. Booska to post-conviction relief[3].
AFFIRMED.
THOMPSON and ORFINGER, JJ„ concur.

. See Wilson v. State, 845 So.2d 142 (Fla.2003).

. See Hertz v. State, 803 So.2d 629, 642 (Fla.2001), cert. denied, 536 U.S. 963, 122 S.Ct. 2673, 153 L.Ed.2d 846 (2002).

. See Johnson v. State, 769 So.2d 990, 1006 (Fla.2000).