PER CURIAM.
 

 Leonard Williams appeals the denial of his rule 3.850 motion.
 

 Williams raised five claims of ineffective assistance of counsel in his postconviction motion. The trial court attached the State’s response as the justification for denying the motion. In its response below, the State made a general argument that Williams was trying to raise procedurally barred claims of trial court error in the guise of ineffective assistance of counsel claims. This argument did not discuss the substance of the particular claims to explain why these issues are not cognizable in a rule 3.850 motion, and the State did not show that this was an improper attempt to re-litigate issues raised on direct appeal.
 
 Compare Dowling v. State,
 
 796 So.2d 1195 (Fla. 4th DCA 2001).
 

 As an alternative basis for denial, the State argued each of the claims is without merit and refuted by the record. The State’s response provided a number of pinpoint citations to the trial transcripts and portions of the record from the direct appeal. However, only a small portion of the transcript was actually attached and none of the records the State referred to.
 

 The circuit court clerk confirmed that it transmitted the only records attached to the State’s response.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(A).
 

 The trial court did not attach specific portions of the record that conclusively refute the claims or state another basis for denial of the motion, and as a result, the order fails to comply with rule 3.850(d).
 
 See McClendon v. State,
 
 862 So.2d 945 (Fla. 4th DCA 2004).
 

 Accordingly, the order denying the 3.850 motion is reversed and remanded for the court to attach portions of the file and records that show appellant is entitled to no relief.
 

 Reversed and Remanded.
 

 POLEN, MAY and DAMOORGIAN, JJ., concur.