WARNER, J.
 

 Appellant challenges the trial court’s summary denial of his motion for postcon-viction relief. Because the allegations that his attorney lied to the court are not conclusively refuted in the record, we reverse.
 

 In ground 2(b) of appellant’s motion he stated, under penalty of perjury, that his attorney “committed fraud on the court when ... he told the court that he had just phoned and spoken with [appellant’s alibi witness] but her recollection was [that] she had no idea what time [she dropped appellant off on the night of the crime.]” Based upon his counsel’s representations that he had spoken to the witness, and the witness essentially could not confirm the alibi, appellant elected not to call her as a witness. Appellant states in his motion that his counsel never contacted the witness and lied to the court about contacting her during the trial. Nothing in the record conclusively refutes this sworn allegation. Together with the allegations of the substance of her testimony, we conclude that it is legally sufficient to state a claim of ineffective assistance.
 
 See Nelson v. State,
 
 875 So.2d 579 (Fla.2004).
 

 When reviewing the trial court’s summary denial of a postconviction motion filed under rule 3.850, this court “must accept the defendant’s factual allegations as true to the extent they are not refuted by the record.”
 
 Occhicone v. State,
 
 768 So.2d 1037, 1041 (Fla.2000). If the allegations are facially sufficient, the trial court “must either conduct an evidentiary hearing or attach to its order excerpts from the record that conclusively disprove the appellant’s claim.”
 
 Palmer v. State,
 
 683 So.2d 678, 679 (Fla. 4th DCA 1996).
 

 Because appellant’s claim is not , conclusively refuted by the attachments in the record, we reverse and remand for an evidentiary hearing. As to all other grounds raised in appellant’s motion, we affirm.
 

 STEVENSON, J., concurs.
 

 POLEN, J., dissents without opinion.