37 So.3d 283 (2010)
John Jacob CHAMBERLAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2864.
District Court of Appeal of Florida, Fourth District.
March 3, 2010.
Neal A. Dupree, Regional Counsel, and Suzanne Myers Keffer, Chief Assistant CCRC, Office of the Capital Collateral Regional *284 CounselSouthern Region, Fort Lauderdale, for appellant.
John Jacob Chamberlain, Century, Pro Se.
Bill McCollum, Attorney General, Tallahassee, and Lisa-Marie Lerner, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
John Jacob Chamberlain, the defendant below, appeals two orders summarily denying his amended motion for post-conviction relief.
By way of background, the defendant originally filed his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.851 because he was sentenced to death. Based on newly discovered evidence, the trial court subsequently mitigated the defendant's sentence from death to life. The state and the defendant agreed and stipulated that, going forward, the defendant would proceed under Florida Rule of Criminal Procedure 3.850.
The defendant asserts seven claims on appeal to this court. First, he argues that the trial court erred in denying him an evidentiary hearing on his claim of newly discovered evidence of alleged juror misconduct and erred in denying his motion to interview the jurors ("Issue I"). Second, the defendant argues that the trial court erred in summarily denying four separate claims of ineffective assistance of counsel: (a) the alleged failure to subpoena Richard Button, and the failure to obtain information regarding alleged witness collusion and false testimony ("Issue II-A"); (b) the failure to object to alleged improper, irrelevant, and misleading testimony or comments which occurred over the course of the trial ("Issue II-B"); (c) the mishandling of Donna Garrett's alleged faulty identification of the defendant and subsequent testimony ("Issue II-C"); and (d) the alleged failure to move for change of venue and the alleged failure to question panel members regarding their knowledge of the case ("Issue II-D"). Third, the defendant argues that the trial court erred in denying his claim that his Sixth Amendment rights were violated due to his trial counsel's alleged conflict of interest ("Issue III"). Finally, the defendant argues that the trial court misapplied Florida Rule of Criminal Procedure 3.852 when reviewing claimed exemptions to the disclosure of public records asserted by law enforcement ("Issue IV").
A defendant is entitled to an evidentiary hearing on a post-conviction motion unless: (1) the motion, files, and records in the case conclusively show that the defendant is not entitled to any relief; or (2) the motion or a particular claim is legally insufficient. Williamson v. State, 994 So.2d 1000, 1006 (Fla.2008) (quoting Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000)); Terrell v. State, 9 So.3d 1284, 1288 (Fla. 4th DCA 2009) (citing Phillips v. State, 894 So.2d 28, 37 (Fla.2004)). The trial court may summarily deny a Rule 3.850 motion when the motion lacks sufficient factual allegations, or where alleged facts do not render the judgment vulnerable to collateral attack. Robinson v. State, 913 So.2d 514, 520 (Fla.2005). "If the allegations are facially sufficient, the trial court `must either conduct an evidentiary hearing or attach to its order excerpts from the record that conclusively disprove the appellant's claim.'" Ajuste v. State, 12 So.3d 305, 306 (Fla. 4th DCA 2009) (citation omitted).
In support of its denial of the claims set forth in Issues I, II-A, II-D, and III, the trial court referenced the attachment of Exhibits "A" through "G," which appear to be several volumes of transcripts from the trial and other portions of the trial record. These exhibits, however, were not actually attached to the *285 trial court's order and the trial court clerk confirmed that it transmitted the record in its entirety. See, e.g., Williams v. State, 4 So.3d 1292, 1292 (Fla. 4th DCA 2009); Fla. R.App. P. 9.141(b)(2)(A). Therefore, the trial court order does not comply with Rule 3.850(d) as to these claims.[1]Taylor v. State, 583 So.2d 823 (Fla. 4th DCA 1991) (reversal and remand appropriate where some records were referred to in the order, but they were not attached as required by Rule 3.850); see also Williams, 4 So.3d at 1292. On remand, we direct the trial court to attach the portions of the record referenced in its order as to Issues I, II-A, II-D, and III or to conduct an evidentiary hearing on these claims, if necessary.
We also conclude without further discussion that the defendant's remaining claims (Issues II-B, II-C, and IV) are without merit.
Affirmed in part, Reversed and Remanded in part.
STEVENSON, TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] Even if this court analyzed the issue under Rule 3.851, we note that Rule 3.851(f)(5)(D) requires the trial court to make detailed findings of fact and conclusions of law with respect to each claim, and attach or reference "such portions of the record as are necessary to allow for meaningful appellate review." (emphasis added.) Here, the records were not referenced in such a way as to allow for meaningful appellate review in their absence.