PER CURIAM.
We withdraw our opinion dated March 3, 2010 and substitute the following in its place:
John Jacob Chamberlain, the defendant below, appeals two orders summarily denying his amended motion for post-conviction relief.
By way of background, the defendant originally filed his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.851 because he was sentenced to death. Based on newly discovered evidence, the trial court subsequently mitigated the defendant’s sentence from death to life. Both the State and the defendant agreed and stipulated that, going forward, the defendant would proceed under Florida Rule of Criminal Procedure 3.850.
The defendant asserts seven claims on appeal to this Court. First, he argues that the trial court erred in denying him an evidentiary hearing on the basis of newly discovered evidence of alleged juror misconduct and erred in denying his motion to interview the jurors (“Issue I”). Second, the defendant argues that the trial court erred in summarily denying four separate claims of ineffective assistance of counsel: (a) the alleged failure to subpoena Richard Button, and the failure to obtain information regarding alleged witness collusion and false testimony (“Issue II-A”); (b) the failure to object to alleged improper, irrelevant, and misleading testimony or comments which occurred over the course of the trial (“Issue II-B”); (c) the mishandling of Donna Garrett’s alleged faulty identification of the defendant and subsequent testimony (“Issue II-C”); and (d) the alleged failure to move for change of venue and the alleged failure to question panel members regarding their knowledge of the case (“Issue II-D”). Third, the defendant argues that the trial court erred in denying his claim that his Sixth Amendment rights were violated due to his trial counsel’s alleged conflict of interest (“Issue III”). Finally, the defendant argues that the trial court misapplied Florida Rule of Criminal Procedure 3.852 when reviewing claimed exemptions to the disclosure of public records asserted by law enforcement (“Issue IV”).
*140 A defendant is entitled to an evi-dentiary hearing on a post-conviction motion unless: (1) the motion, files, and records in the case conclusively show that the defendant is not entitled to any relief; or (2) the motion or a particular claim is legally insufficient. Williamson v. State, 994 So.2d 1000, 1006 (Fla.2008) (quoting Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000)); Terrell v. State, 9 So.3d 1284, 1288 (Fla. 4th DCA 2009) (citing Phillips v. State, 894 So.2d 28, 37 (Fla.2004)). The trial court may summarily deny a rule 3.850 motion when the motion lacks sufficient factual allegations, or where alleged facts do not render the judgment vulnerable to collateral attack. Robinson v. State, 913 So.2d 514, 520 (Fla.2005). “If the allegations are facially sufficient, the trial court ‘must either conduct an evidentiary hearing or attach to its order excerpts from the record that conclusively disprove the appellant’s claim.’ ” Ajuste v. State, 12 So.3d 305, 306 (Fla. 4th DCA 2009) (citation omitted).
After a thorough review of the defendant’s claims, the orders denying the defendant’s motion for post-conviction relief, as well as the attachments to those orders referenced by the trial court, we conclude that the trial court’s summary denial of the defendant’s claims was appropriate.

Affirmed.

STEVENSON, TAYLOR and HAZOURI, JJ., concur.