WELLS, Judge.
Sigifredo Benitez appeals from an order revoking his probation and resulting sentence. He argues that what transpired at the hearing below amounted to a denial of his constitutional right to be “present” in court during a critical stage of the proceedings because no interpreter was present. We agree and reverse and remand on that basis.
In Summerall v. State, 588 So.2d 31, 32 (Fla. 3d DCA 1991), we observed that “[w]ithout question, the pronouncement of a verdict and sentence in a ... probation revocation hearing is a critical stage of the proceedings at which the defendant is entitled to be present, absent a voluntary waiver of same by the defendant. See Francis v. State, 413 So.2d 1175 (Fla.1982); Quartennan v. State, 506 So.2d 50, 52 (Fla. 2d DCA 1987), approved, 527 So.2d 1380 (Fla.1988); Fla. R. Crim. P. 3.180(a)(8), (9).” Likewise in Monte v. State, 443 So.2d 339, 342 (Fla. 2d DCA 1983), the court observed that “[t]he requirement of an interpreter at the sentencing hearing ensures that a non-English speaking defendant is truly ‘present’ at sentencing as contemplated by Florida Rule of Criminal Procedure 3.180(a)(9) and not merely physically there without the ability to understand or comment on the proceedings which will culminate in a circumscription of his liberty.” For, as explained in Cadet v. State, 809 So.2d 43, 45 (Fla. 4th DCA 2002) (quoting Tehrani v. State, 764 So.2d 895, 898 (Fla. 5th DCA 2000)):
A non-English speaking defendant has the right to an interpreter, a right grounded on due process and confrontation considerations of the Constitution. Suarez v. State, 481 So.2d 1201 (Fla. *941 1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 994 (1986). The right is not necessarily waived by the failure to assert it, since a defendant’s inability to understand the language may be the cause of the failure to assert his rights. State v. Neave, 117 Wis.2d 359, 344 N.W.2d 181 (1984), approved in Suarez, 481 So.2d at 1204. Once the trial court is aware that an accused has difficulty with the English language, the court should determine whether a defendant understands English sufficiently to aid in his defense, much as the court has a duty to determine whether a defendant is mentally competent. 344 N.W.2d at 188.
Here, we cannot conclude that this right was satisfied.
In 1992, with an interpreter present, defendant entered into a guilty plea to “attempted capital sexual battery as reduced” and kidnapping. He was placed on probation in 2001, and in 2002, the Department of Corrections filed an affidavit of violation of probation.[1] At the August 7, 2009 hearing on the matter, the defense advised the court of the need for an interpreter. A plea was discussed and the State made an offer. The trial court declined that offer and ordered that testimony be taken. The defense again asked for an interpreter, and a break was taken. On the interpreter’s arrival, the judge explained what had happened, and the violation hearing began, wherein defendant’s supervising authorities gave testimony supporting three of the violations alleged — failing to submit reports, changing his residence without. consent, and failing to submit to a polygraph examination.
At the August 14, 2009 hearing which followed, however, when defense counsel pointed out — two times while the judge was announcing his ruling and imposing sentence — that the defendant needed an interpreter and no interpreter was present, the judge failed to wait for the arrival of an interpreter and continued to making his findings and impose sentence. Then, when the interpreter arrived, the judge told the defense attorney to take the defendant “into the back and tell him the good news,” i.e. that the judge found him in violation of probation, revoked his probation, and sentenced him to twenty two years in prison followed by probation for life. This was insufficient and compels a remand to the court below with directions to reenter a decision and reimpose sentence, all with the defendant “present”— that is, with an interpreter. See Tehrani v. State, 764 So.2d at 898; Smmnerall, 588 So.2d at 32; Monte, 443 So.2d at 342.
This analysis makes it unnecessary to address the defendant’s second claim of error, a point which the State here concedes, that the trial court’s written Order of Probation Violation did not conform to its oral pronouncements. See Wesbert v. State, 782 So.2d 545 (Fla. 3d DCA 2001); Suarez v. State, 761 So.2d 1266 (Fla. 3d DCA 2000); Masis v. State, 758 So.2d 1290 (Fla. 3d DCA 2000); Salvatierra, v. State, 691 So.2d 32 (Fla. 3d DCA 1997).
*942 Accordingly, the revocation of probation is reversed and the sentence imposed is vacated.

. The affidavit alleged defendant's violation of probation by: (1) failing to make a full and truthful report to his Probation Supervisor by the fifth day of the month on the form provided as of October 16, 2002, and failing to submit the written report for the month of September 2002; (2) failing to contribute to the cost of supervision; (3) changing his residence without first procuring the consent of his probation officer; and (4) failing to complete the Mentally Disordered Sex Offender Treatment Program (MDSO) as ordered. Thereafter the affidavit was amended to add: (1) failing to submit to an October 2002 polygraph examination and (2) failing to report in person to the sheriff's office in the county in which he resided in violation of section 943.0435.