WARNER, J.
We grant appellant’s motion for rehearing, withdraw the prior opinion and issue the following in its place.
Appellant appeals the summary denial of his motion for postconviction relief from his sentence for multiple counts of vehicular homicide, imposed after a violation of probation on his original sentence. Although appellant raises multiple claims of ineffective assistance of counsel and other defects, we reverse on one ground only, namely the appellant’s allegation that his counsel was ineffective in failing to object to the state admitting evidence of his DUI arrest while on probation, which he claimed violated his plea agreement. As the state failed to conclusively refute this allegation, we reverse.
Appellant was charged with multiple counts of DUI manslaughter, vehicular homicide, and felonious driving with a blood alcohol level in excess of 0.08, causing injuries. He agreed to plead guilty to the vehicular homicide charges, with the state nolle prossing the remaining charges. In exchange for his plea, the state agreed to an adjudication and a sentence of one year in the Broward County jail for each count, running concurrently, followed by one year of community control, followed by thirteen years probation, with several special conditions, which included not violating the law, driving restrictions, and not possessing alcoholic beverages.
Three years later, appellant was charged with violating the terms of his probation by: (i) driving under the influence; (ii) violating a driver’s license restriction; and (iii) using or possessing an alcoholic beverage. These arose from an incident where he drove to a Super Bowl party, had an alcoholic beverage (the number of which was in dispute), and then drove home after the party, when he was stopped by the police and arrested for DUI. Defendant admitted to the allegations of violating a driver’s license restriction and using or possessing an alcoholic beverage but did not admit to DUI. The court sentenced defendant to 37.375 years’ imprisonment in counts 9 through 12, running concurrently. Defendant’s judgment and sentence were per curiam affirmed on *1055 direct appeal. See Blackledge v. State, 6 So.3d 618 (Fla. 4th DCA 2009).
Defendant timely filed a rule 3.850 motion raising seven grounds for relief. We affirm all grounds except ground two.
In ground two, defendant claimed that he never admitted to the allegation that he drove while under the influence of alcohol. He also alleged in a sworn motion that he entered into an agreement with the state that no evidence or argument regarding the DUI would be introduced. According to defendant, the state violated its agreement by offering the probable cause affidavit for the DUI, which the court ultimately relied on when it imposed a sentence. Defendant faulted counsel for his failure to object to the admission of the probable cause affidavit.
In its response, the state argued that no such agreement was made with defendant to preclude evidence of the DUI. This statement does not conclusively refute the defendant’s sworn allegations, and the court attached no portions of the record which refuted the defendant’s allegations. See Ajuste v. State, 12 So.3d 305, 306 (Fla. 4th DCA 2009). Nevertheless, the state did submit the probable cause affidavit for the DUI, which the trial court clearly considered and relied on in sentencing the defendant. For this reason, we reverse as to ground two of defendant’s motion and remand for attachment of portions of the record which conclusively refute the defendant’s allegations or for an evidentiary hearing on the issue.

Rehearing granted. Affirmed in part; reversed for further proceedings in accordance with this opinion.

GERBER and CONNER, JJ., concur.