PER CURIAM.
Appellant was charged with driving while under the influence of alcohol causing serious bodily injury and property damage, and with driving without a valid driver’s license. Appellant is from Honduras and speaks very broken English, and he was provided with an interpreter at the pretrial hearing, jury selection, and the trial, but not at the sentencing hearing. At sentencing, defense counsel told the court that their interpreter was not able to come, and did not ask for a replacement. The state agrees with appellant that the trial court committed fundamental error by sentencing appellant without the aid of an interpreter, as the courts have similarly concluded in Monte v. State, 443 So.2d 339 (Fla. 2d DCA 1983), Quintana v. State, 520 So.2d 313 (Fla. 2d DCA 1988); and Benitez v. State, 57 So.3d 939 (Fla. 3d DCA 2011). “[W]e hold that it was reversible error in this case for the court to fail to appoint an interpreter at the sentencing proceeding *531 even though defense counsel failed to raise the issue at that hearing. Once the trial court agreed [appellant] had a language problem and appointed an interpreter for the plea hearing, fundamental fairness ... requires an interpreter be appointed for sentencing as well[.]” Monte, 443 So.2d at 342.
We agree and reverse appellant’s sentence and remand for resentencing with the assistance of a qualified interpreter.
Reversed and remanded for further proceedings.
PADOVANO, CLARK, and SWANSON, JJ., concur.