958 So.2d 516 (2007)
James DIEUDONNE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1441.
District Court of Appeal of Florida, Fourth District.
May 30, 2007.
James Dieudonne, Madison, pro se.
No appearance required for appellee.
PER CURIAM.
This appeal emanates from the trial court's order summarily denying appellant's motion for postconviction relief. On March 9, 2007, the circuit court clerk's office accepted for filing appellant's 49-page motion for postconviction relief with several attached affidavits. On the face of the motion is a notation: "Sent to Judge on 3/21/07 by [initials]," which we assume are the initials of a deputy clerk. The trial court denied the motion on March 22, 2007, by an order which states merely that a hearing on the motion is unnecessary. Nothing is attached to the order conclusively refuting the allegations of the motion, and the order does not set forth any rationale for denial.
We summarily reverse. A cursory look at the motion indicates that it is technically sufficient, and the grounds raised are such that review of the proceedings, or part of them, will be necessary to determine their sufficiency. There is no need to secure a response from the office of the Attorney General on behalf of the state, because without access to the trial court file, there is no way to determine the validity of the claims.
When a trial court denies a rule 3.850 motion without an evidentiary hearing, it must "either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion." Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993) (citing Hoffman v. State, 571 So.2d 449, 450 (Fla.1990)). The trial court's order in this case does neither.
The order is reversed and remanded for attachment of records conclusively refuting the allegations of the motion or for an evidentiary hearing. Fla. R.Crim. P. 3.850(d) (explaining that, where summary denial is not based on legal insufficiency of the motion on its face, the portions of the record that conclusively show the movant *517 is not entitled to relief must be attached to the order).
STONE, WARNER and MAY, JJ., concur.