964 So.2d 783 (2007)
James PRINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2476.
District Court of Appeal of Florida, Fourth District.
September 12, 2007.
*784 James Prince, Wewahitchka, pro se.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal by James Prince from an order denying a motion filed under Rule 3.850, Florida Rules of Criminal Procedure. We affirm in part and reverse and remand in part.
Appellant filed a motion for postconviction relief alleging two grounds for relief. First, he stated that his plea was involuntary. Second, he contended that his sentence was violative of double jeopardy. Both grounds were summarily denied by the lower court. At issue here is appellant's claim that his plea was involuntary.
In his motion to the court below, Prince stated that he believed he was to receive the minimum guideline sentence of nineteen months in exchange for a plea of guilty. He apparently believed he entered into a negotiated plea. Prince also claimed that his attorney did not inform him that he was subject to a minimum mandatory sentence greater than nineteen months. Prince further averred that had he known of any minimum mandatory sentence, he would have rejected the plea agreement.
The Florida Supreme Court has stated that "misrepresentations by counsel as to the length of a sentence . . . can be the basis for postconviction relief in the form of leave to withdraw a guilty plea." State v. Leroux, 689 So.2d 235, 236 (Fla.1996). Thus, Prince's allegations in his first ground for relief raised a cognizable claim.
In postconviction matters, courts must accept as true factual allegations not refuted by the record. As the supreme court has stated, "To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. Further, where no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record." Kimbrough v. State, 886 So.2d 965, 981 (Fla.2004) (quoting Peede v. State, 748 So.2d 253, 257 (Fla.1999)); see also Fla. R.Crim. P. 3.850(d).
In its order denying Prince's motion, the trial court below provided no substantive explanation as to why it summarily denied *785 Prince's claim nor did it attach records[1] refuting his claim.
Accordingly, we reverse the summary denial of ground one for either an evidentiary hearing or the attachment of portions of the record that conclusively refute this ground for relief. We affirm without discussion the summary denial as to ground two of the motion for postconviction relief.
WARNER, POLEN and FARMER, JJ., concur.
NOTES
[1] The attached "Court Event Form" does not conclusively refute Prince's claim that he was not informed of the possible length of his sentence.