997 So.2d 490 (2008)
Paul M. SIMON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-3228.
District Court of Appeal of Florida, Fourth District.
December 17, 2008.
*491 Paul M. Simon, Belle Glade, pro se.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. Mclntire, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant appeals the trial court's order of April 9, 2007 summarily denying his Florida Rule of Criminal Procedure 3.850 motion. Appellant asserts two claims of ineffective assistance of counsel. We affirm as to claim one and reverse as to his second claim.
In his first claim, appellant asserts that his attorney was ineffective and that his conviction is void because the information charging him in this case was allegedly not based on sworn testimony. This claim is without merit as a matter of law. Florida Rule of Criminal Procedure 3.140(g) expressly provides: "No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits." Appellant cannot collaterally attack his conviction based on this purported technical defect in the charging document which easily could have been corrected if an objection had been made. Colson v. State, 717 So.2d 554 (Fla. 4th DCA 1998). See also Fla. R.Crim. P. 3.140(o).
Appellant's second claim, arguing that his plea was involuntary and induced by counsel's alleged promises regarding the amount of time appellant would actually be required to serve in prison, may be sufficient to state a cognizable claim. See State v. Leroux, 689 So.2d 235 (Fla.1996) (explaining that allegations of an involuntary plea because counsel made false representations about eligibility for gain time and the amount of time the movant would actually serve in prison stated a sufficient claim and was not refuted by general inquiries in the plea colloquy). This claim may be refuted by specific inquiries made during the plea colloquy or affirmations to the contrary in a signed plea form. Evans v. State, 763 So.2d 1109 (Fla. 4th DCA 1999).
In its response to this court's order to show cause, the state argues that this court should affirm because appellant has failed to provide a transcript of the plea colloquy, or the written plea agreement, which is necessary to review his claim.
*492 This argument turns the procedure for handling postconviction motions on its head and is without merit. Rule 3.850(d) provides:
In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order.
The law is well-settled that the trial court must state its rationale for summarily denying a motion or "attach those specific parts of the record that refute each claim presented in the motion." McClendon v. State, 862 So.2d 945, 945 (Fla. 4th DCA 2004) (quoting Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993)). The state's suggestion that appellant must provide portions of the record to support his postconviction claim is contrary to law. The trial court's failure to attach portions of the record that refute the claim is grounds for reversal.
A defendant's factual allegations in a rule 3.850 motion must be accepted as true to the extent they are not conclusively refuted by the record. Prince v. State, 964 So.2d 783, 784 (Fla. 4th DCA 2007). If a claim sufficiently establishes a prima facie basis for relief and is not refuted by records, the court should hold an evidentiary hearing to resolve any disputed factual matters.
In this case, appellant claims that his plea was involuntary and coerced by counsel who misadvised him that he would "be eligible to receive 65% when it comes back into effect which would be shortly." Appellant alleges that counsel should have known that he would be required to serve 85 percent of his sentences. The claim refers to the 85-percent rule limiting gain time awards, implemented by the Stop Turning Out Prisoners Act. See § 944.275(4)(b)3, Fla. Stat. (2007) (preventing those sentenced after October 1, 1995 from receiving gain time in an amount that would cause a sentence to expire before the prisoner has served 85 percent of the sentence imposed). Appellant alleges that counsel advised him that this rule would be changed in the near future, and that he would qualify under the new rule. He contends that he would not have entered the plea and would have proceeded to trial if properly advised.
Court records may refute the allegation that appellant's plea was coerced by promises regarding the time he would actually serve in prison. Without attachment of records to the order of denial, we cannot tell. The trial court gave no explanation for summarily denying the motion, did not require a state response, and did not attach any records addressing appellant's claims.[1] Summary denial of the motion in this fashion was improper, and we must *493 reverse and remand for further proceedings. See Dieudonne v. State, 958 So.2d 516 (Fla. 4th DCA 2007).
Appellant also filed, on June 27, 2007, an "Amended Motion for Post Conviction Relief," which was untimely and should have been dismissed. Fla. R.Crim. P. 3.850(b). This court's remand does not require the trial court to consider the merits of this untimely motion.
Affirmed in Part; Reversed in Part; and Remanded for Further Proceedings Consistent with this Opinion.
WARNER and MAY, JJ., concur.
NOTES
[1] Appellant's allegation that counsel's advice coerced his plea might be inherently incredible. See Evans v. State, 843 So.2d 938, 940 (Fla. 3d DCA 2003) (finding that defendant's claim that he would not have entered his plea was "so thoroughly contrary to common sense as to be inherently incredible, and does not warrant a hearing"). In addition, appellant may have failed to make a prima facie showing of prejudice, i.e., a "reasonable probability" that but for the alleged misadvice he would not have entered his plea and would have insisted on going to trial. Grosvenor v. State, 874 So.2d 1176 (Fla.2004) (citing Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

The trial court's order finds that "a hearing is not necessary" but does not explain the basis for its finding and does not attach any supporting records. If the claim was insufficiently pleaded, then the court should have given the movant at least one opportunity to amend. Nelson v. State, 977 So.2d 710, 711-12 (Fla. 1st DCA 2008) (applying Spera v. State, 971 So.2d 754 (Fla.2007)).