PER CURIAM.
 

 Appellant Jennifer Marshall appeals the trial court’s summary denial of her Florida Rule of Criminal Procedure 3.850 motion for post conviction relief alleging ineffective assistance of trial counsel and involuntary plea. Specifically, she alleged in her motion that her trial counsel advised her that if she entered an open, no contest plea to two counts of exploitation of an elderly person, she would receive probation and would have to pay restitution. Instead, she was sentenced to concurrent terms of fifteen (15) years in prison. She alleged counsel did not explain the consequences of an open plea, and that she would not have entered her pleas if she had been properly advised and had not been promised probation and restitution only.
 

 
 *421
 
 The trial court summarily denied this motion without a State response or record attachments to its order to refute these legally cognizable claims.
 
 State v. Leroux,
 
 689 So.2d 235 (Fla.1996). Summary denial of this motion was improper, and requires reversal and remand for further proceedings.
 
 Dieudonne v. State,
 
 958 So.2d 516 (Fla. 4th DCA 2007).
 

 The State has argued in a response filed in this court that review of the record from appellant’s direct appeal
 
 [1]
 
 will refute her claims. Even if this court still had possession of the record on appeal, it is the trial court’s burden to attach portions of the record refuting the motion or to conduct an evidentiary hearing if the motion is legally sufficient.
 

 Reversed and Remanded for further proceedings.
 

 FARMER, TAYLOR and MAY, JJ., concur.
 

 [1]
 

 . Marshall appealed her sentences to this Court, which dismissed the appeal for lack of jurisdiction as the only claim of error was the denial of a downward departure sentence.
 
 Marshall v. State,
 
 978 So.2d 279 (Fla. 4th DCA 2008).