PER CURIAM.
 

 The trial court struck Appellant’s facially sufficient motion for postconviction relief “because Defendant failed to assert which portions of the court record support his claims.” This was erroneous and an impermissible shifting of the burden from the court to refute the claims with record attachments.
 

 A defendant need not cite specific portions of the record to support his claim; rather, the burden is on the court to cite those portions of the record that refute the claim.
 
 See
 
 Fla. R.Crim. P. 3.850(d). In fact, the defendant’s factual allegations in a rule 3.850 motion must be accepted as true to the extent they are not conclusively refuted by the record.
 
 Simon v. State,
 
 997 So.2d 490, 492 (Fla. 4th DCA 2008)
 
 (citing Prince v. State,
 
 964 So.2d 783, 784 (Fla. 4th DCA 2007)).
 

 Order striking Appellant’s motion is VACATED and case REMANDED for consideration of Appellant’s postconviction claims on their merits.
 

 SAWAYA, LAWSON, and JACOBUS, JJ., concur.