Per Curiam.
Markita Bynes appeals the trial court’s summary denial of her motion for postcon-viction relief. For the reasons stated below, we reverse the denial of three claims alleging failure to convey a plea offer and sentencing misadvice. We affirm on the remaining points without further discussion.
Appellant was charged with driving without a valid license, causing death. Upon appellant’s entry of a negotiated plea in 2012, she was placed on community control, followed by a term of probation. Shortly thereafter, in 2013, the State alleged that appellant violated probation by committing new law violations, including battery on a law enforcement officer.
Appellant proceeded to a hearing at which the trial court found she committed a substantial, material, and willful violation. The court revoked appellant’s probation and sentenced her to the lowest permissible sentence under the Criminal Punishment Code. The lowest permissible sentence of 94.5 months exceeded the five-year statutory maximum for the underlying offense and therefore became the sentence required by the code. See § 921.0024(2), Fla. Stat. (2013).
Subsequent to these proceedings, appellant entered a negotiated plea to the new battery offense that served as one of the grounds for revocation. As part of the plea agreement, the trial court imposed a two-year sentence for the battery, to run concurrently with appellant’s sentence in the violation of probation (“VOP”) case.
Appellant filed a timely motion under Florida Rule of Criminal Procedure 3.850, and later an amended motion raising seven claims of ineffective assistance of counsel relating to her VOP case. In her first claim, she alleged that defense counsel failed to convey a twenty-eight month plea offer. In claims two and five, appellant alleged that defense counsel misadvised her concerning her maximum and minimum sentences and misadvised her that she could be sentenced as a youthful offender.
In alleging an unconveyed plea offer, appellant specifically referenced a motion to reconsider sentence that defense counsel had filed immediately after the VOP sentencing. The motion to reconsider alleged, among other things, that “[p]rior to trial, the State offered 28 months.” In her postconviction motion, appellant alleged that she would have accepted this twenty-eight month plea offer had defense counsel conveyed it to her; the trial court would have accepted the agreement; and the State would not have withdrawn it. See Alcorn v. State, 121 So.3d 419, 430 (Fla. 2013).
In its response below, the State argued that appellant could not establish prejudice on any of her claims due to her subsequent plea to the new battery. Thus, if a new VOP hearing was required, the State reasoned that the trial court necessarily would find appellant in violation by virtue of her subsequent plea and conviction.
*1136 The State also construed appellant’s claim of an unconveyed plea offer at the time of “trial” as referring to the period before appellant’s initial plea in 2012. Under the State’s view, appellant was alleging she would have accepted a twenty-eight month prison sentence in 2012, rather than probation, had she known she was going to violate her probation in 2013. As a result, the State asserted that the claim was untimely and speculative. In addition, the State maintained that appellant could not be prejudiced where there was no plea offer at the time of the revocation proceedings and where the sentence she received was the actual minimum and actual maximum.
The trial court summarily denied appellant’s motion for the reasons set forth in the State’s response. This appeal follows.
In its response to this Court’s order to show cause, the State again argues that appellant cannot establish any prejudice resulting from an unconveyed plea offer that existed prior to “trial” because “trial” refers back to the time of appellant’s initial plea in 2012. To the extent appellant’s claim is read to apply to the period before the 2013 revocation proceedings, the State represents that it did not extend a twenty-eight month plea offer at that time. The State, however, cites no record evidence to support this representation.
Contrary to the State’s interpretation of the claim, appellant’s use of “trial” was an imprecise but obvious reference to the period before appellant’s 2013 revocation hearing, which closely resembled a trial. Because appellant’s claim is facially sufficient and is not conclusively refuted by the record, we must reverse and remand for further proceedings. See Fla. R. App. P. 9.141(b)(2)(D); Fla. R. Crim. P. 3.850(f)(5); see also Prince v. State, 964 So.2d 783, 784 (Fla. 4th DCA 2007) (“[W]here no evidentiary hearing is held below, we must accept the defendant’s factual allegations to the extent they are not refuted by the record.” (Citations omitted)).
The existence of such a plea offer would affect the accuracy of defense counsel’s sentencing advice and appellant’s sentencing exposure notwithstanding any finding that she violated probation. The State is correct that, “[i]f the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed.” § 921.0024(2), Fla. Stat. (2013). However, “[a] court may impose a departure below the lowest permissible sentence based upon circumstances or factors that reasonably justify the mitigation of the sentence in accordance with s. 921.0026.” § 921.002(3), Fla. Stat. (2013). Indeed, the trial court imposed a departure sentence upon appellant’s initial plea in 2012.
Accordingly, the record does not refute appellant’s allegations that defense counsel failed to convey a favorable plea offer and provided misadvice regarding her sentence. We reverse the summary denial of claims one, two, and five, and we remand for further proceedings. As noted above, we affirm the trial court’s denial of the remaining claims.

Affirmed in part; reversed in part; remanded.

Warner, Gross and Conner, JJ., concur.