NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| MICHAEL W. HANEY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D17-3816 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed March 23, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Mark F. Carpanini, Judge.

Michael W. Haney, pro se.

PER CURIAM.

Michael W. Haney appeals the order summarily denying his second amended motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. For the reasons explained below, we reverse those portions of the order that summarily deny grounds three and nine and affirm without comment the summary denial of the remaining grounds.

## **Background**

A jury found Mr. Haney guilty of one count of possession of methamphetamine and one count of possession of drug paraphernalia. The trial court

sentenced him to forty-four months' imprisonment and time served, respectively. Mr. Haney appealed his judgment and sentences, and this court affirmed. Haney v. State, 211 So. 3d 1038 (Fla. 2d DCA 2016) (table decision).

The limited postconviction record reflects that two members of the sheriff's crime suppression team concealed themselves in shrubbery, after midnight, on a dark street with the intent to stop those who provided cause and investigate possible criminal activity. They observed "multiple subjects moving out and about the road," at least two of whom were crossing the road at a forty-five degree angle towards them. One deputy stepped out into the road to make contact with one of the subjects, Mr. Haney, whom he stopped for jaywalking. The deputy turned on his flashlight, announced his presence, provided the reason for stopping Mr. Haney, and asked to search Mr. Haney. Mr. Haney consented, and the deputy directed Mr. Haney to move to the side of the road where the deputy could safely conduct a search.

The deputy testified that he used his flashlight to "check the ground" where he directed Mr. Haney and that he "didn't notice anything out of the ordinary. Didn't notice anything that would stand out." After searching Mr. Haney's pockets, the deputy asked if he could search Mr. Haney's shoes and socks. Mr. Haney consented. The deputy testified that the following occurred:

> He sat down on the ground and I watched him all the way
> down to the ground watching until he sat down. And then he
> removed his boot. And when he removed his boot I could
> see on the ground a small clear plastic bag, and [he]
> immediately advised that it wasn't his.
>
> Q.      When you say you saw it on the ground describe to
> the jury in what proximity to the defendant was this bag?

- 2 -

A.      I could not see it until he had moved his foot slightly when you try to put it down to take the other boot off. It was directly under his foot.

While the first deputy stopped and searched Mr. Haney, the second deputy was, according to the first deputy, "making contact with" another man approximately fifteen feet away from where the first deputy either stopped or searched Mr. Haney.

At the conclusion of the State's case, Mr. Haney's trial counsel moved for a judgment of acquittal, asserting that the State failed to prove that Mr. Haney had exclusive control over the road where the small bag containing methamphetamine was found or that Mr. Haney knew the methamphetamine was there. His trial counsel argued:

> We know from the jury instructions that mere proximity to a substance is not sufficient to establish control over it. So even if he was standing on top of it in the gravel that's–we would argue that that's not sufficient, and there's been no evidence put forth by the State either in the form of admissions or other incriminating evidence by the deputy that he ever had it on his person.
>
> We know that it was in the gravel on the ground underneath his foot and that's really all we know.

The trial court denied his motion.

The man stopped by the second deputy testified in Mr. Haney's defense that he was carrying a small bag containing methamphetamine that night and that he dropped it when the second deputy approached him. This man stepped out of the road, and the second deputy patted him down and released him. Mr. Haney then walked "up behind" this other man to the area where the other man had been searched, and the other man watched as the first deputy searched and arrested Mr. Haney.

- 3 -

The second deputy testified for the State in rebuttal that he did not observe the man drop something and that he stopped the other man "ten, maybe fifteen feet" from where the first deputy searched Mr. Haney.

### The Postconviction Claims

In ground three of his second amended motion, Mr. Haney asserted that his trial counsel was ineffective for failing to raise as an affirmative defense that the State failed to prove he had dominion and control over the bag containing methamphetamine. In ground nine, he asserted that his trial counsel was ineffective for failing to object to the jury instructions because they did not instruct the jury that when contraband is found in a place that the accused does not control, proximity to the contraband is not sufficient to establish the accused's power and intention to control it.[1]

Citing the limited portion of the first deputy's testimony that it attached to its order, the postconviction court denied ground three, finding that "[t]he State proved the Defendant had knowledge and dominion over the drugs as the ground was checked prior to the search and encounter with the Defendant, and after the Defendant removed his socks and shoes, the narcotics were found directly underneath his foot." In summarily denying ground nine, the postconviction court found that the same testimony "did not establish mere proximity as the Defendant alleges, but rather that the Defendant had actual possession of the narcotics in his shoe."

---

[1]We note that although Mr. Haney attached the instruction for possession of paraphernalia to his motion, the postconviction record does not contain the instruction for possession of methamphetamine. See Simon v. State, 997 So. 2d 490, 492 (Fla. 4th DCA 2008) ("A defendant's factual allegations in a rule 3.850 motion must be accepted as true to the extent they are not conclusively refuted by the record." (citing Prince v. State, 964 So. 2d 783, 784 (Fla. 4th DCA 2007))).

- 4 -

## Analysis

To establish a claim of ineffective assistance of trial counsel, a defendant must show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is established by showing that "counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." Id. at 688. Prejudice is established by demonstrating a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have differed. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In an appeal from an order summarily denying a rule 3.850 motion, this court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(D).

The postconviction record does not reveal whether the State proceeded under a theory of actual or constructive possession, but "under either theory the requisite control is not established by an accused's mere proximity to the contraband."[2] Sanders v. State, 210 So. 3d 246, 248 (Fla. 2d DCA 2017) (quoting G.G. v. State, 84 So. 3d 1162, 1164 (Fla. 2d DCA 2012)). Accordingly, the standard jury instruction for the crime of possession of a controlled substance directs trial courts to provide the

---

[2]"Possession is actual when the contraband is (1) in the defendant's hand or on his person, (2) in a container in the defendant's hand or on his person, or (3) within the defendant's ' "ready reach" ' and the contraband is under his control." Sundin v. State, 27 So. 3d 675, 676 (Fla. 2d DCA 2009) (quoting Harris v. State, 954 So. 2d 1260, 1262 (Fla. 5th DCA 2007)). "[T]o establish constructive possession, the State must prove that the defendant had dominion and control over the contraband and knew the contraband was within his presence." Id. at 677.

following instruction, if applicable: "Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control."[3]

The postconviction court's attachments reflect that the methamphetamine was found in gravel on the side of a dark road. They do not reflect that the deputy testified that Mr. Haney was touching the bag of methamphetamine or that he observed it fall from Mr. Haney's sock or boot. Nor does the postconviction record reflect that the State presented any other evidence, such as fingerprints or incriminating statements, to connect Mr. Haney to the methamphetamine. Thus, the postconviction record reveals that the State's case rested on the inference that the methamphetamine fell from Mr. Haney's boot because the first deputy found the bag of methamphetamine in close proximity to Mr. Haney, and he "[d]idn't notice anything that would stand out" before Mr. Haney sat down to remove his boot. And as mentioned above, the postconviction record also reflects that Mr. Haney's trial counsel's theory of defense, at least at the close of the State's case, was that Mr. Haney's proximity to the methamphetamine did not prove that he controlled it.[4]

The postconviction record does not conclusively refute Mr. Haney's claim that his trial counsel's failures to present this defense to the jury through the standard instructions and to object to the omission of the instructions were unreasonable under

---

[3]Fla. Std. Jury Instr. (Crim.) 25.7; see also Fla. Std. Jury Instr. (Crim.) 25.14 ("Mere proximity to drug paraphernalia is not sufficient to establish the power and intention to control that drug paraphernalia when the drug paraphernalia is in a place that the person does not control.").

[4]The postconviction court did not attach the opening statements or the closing arguments to its order.

- 6 -

the circumstances. Rather, it shows that the proposed jury instructions were both appropriate and consistent with the defense Mr. Haney's trial counsel presented in his motion for judgment of acquittal. See Strickland, 466 U.S. at 690 ("[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.").

Nor does the postconviction record conclusively refute Mr. Haney's claims that he was prejudiced by these omissions. Although the deputy testified that he used his flashlight to look at the ground as Mr. Haney sat down and that "he didn't notice anything out of the ordinary," the postconviction court's attachments show that the deputy testified that there were "several subjects" on the dark street. The trial transcripts attached to Mr. Haney's motion reveal that the other man confessed to dropping a small bag of methamphetamine shortly before the deputy observed a small bag of methamphetamine on the ground beneath Mr. Haney's foot. Under these circumstances, the postconviction record does not conclusively refute Mr. Haney's claim that there is a reasonable probability that the outcome of his trial would have differed if his jury had been instructed that his proximity to the methamphetamine and drug paraphernalia is not sufficient to establish his power and intention to control them when they are in a place that he does not control.

Accordingly, we reverse those portions of the postconviction court's order that summarily deny grounds three and nine of Mr. Haney's second amended rule 3.850 motion and remand for the postconviction court to reconsider these claims. Should the postconviction court again enter an order summarily denying the postconviction motion,

it shall attach those portions of the record that conclusively show Mr. Haney is entitled to no relief.

Affirmed in part; reversed in part; and remanded.

SILBERMAN, MORRIS, and LUCAS, JJ., Concur.